WALDO <em>against</em> LONG.

THIS was an action of *covenant*, brought on the co-
venant against encumbrances, and on the covenant of
power to sell, contained in a deed from the defendant
to the plaintiff. Plea, *non est factum.* The cause was
tried at the *Washington* circuit, the 13th of *June*, 1810,
before Mr. Justice *Van Ness.*

In an action of *co-
venant* brought
by the grantee
against the gran-
tor for a breach
of the *covenant*
against encum-
brances in a
deed; the *pos-
tea* in an action
of ejectment

brought against the grantee by a mortgagee on a prior mortgage of the same land by the
grantor, is sufficient evidence to support the action; and the plaintiff is entitled to recover, not
only the consideration-money in his deed, and the *interest,* but also the *costs* of the ejectment
suit against him.

The plaintiff produced a mortgage, executed prior to the deed from the defendant to him, from the defendant to *William Porter*, which covered the land conveyed by the deed. The plaintiff also offered in evidence the *postea* in the cause of *Jackson*, ex dem. *William Porter and others*, against him, brought on the said mortgage, and previously tried on the same day, as evidence of a suit against him. He also offered in evidence the bills of costs which had accrued, and which the plaintiff in this cause was liable to pay in consequence of the recovery against him in the action of ejectment. The judge reserved the point, as to the admissibility of the *postea* in evidence, and the plaintiff took a verdict for the consideration-money mentioned in the deed, and the interest, subject to a case on the point reserved.

The case was submitted to the court without argument.

The only point was, whether the *postea* ought to have been received in evidence? It was agreed, that if the court should be of opinion it ought, then the bills of costs were to be added to the verdict, otherwise the verdict to remain for the sum it was taken.

*Per Curiam.* The *postea* was competent evidence for certain purposes. This point has been just now decided, in the case of *Kip* v. *Brigham and others*, (*ante*, 168.) who were bail on *Steward's* execution. In this case it was evidence of the existence of the ejectment suit upon the mortgage, and of the fact of a verdict in such a cause. For that purpose it ought to have been received; and that fact being proved, the bills of costs were an *item* of damages proper for the consideration of the jury, for they were part of the damages produced by the encumbrance.

This opinion is an answer to the only question submitted. The plaintiff has taken a verdict for the consi-

deration-money and interest, and no objection is raised to it, and of course we have no concern with the amount of the recovery.

Judgment for the plaintiff.(*a*)

(*a*) See *Prescott* v. *Trueman*, (4 *Tyng's Mass. Rep.* 627.) *Pitcher* v. *Livingston*, (4 *Johns. Rep.* 1.) 3 *Caines*, 112. 2 *Mass. Rep.* 433.;