## WOOD ET UX. *v.* BIBBINS.

CONVEYANCE.— *Warranty.*—*Breach.*—*Measure of Damages.*—It is the rule in this State, ordinarily, that the measure of damages for a breach of the covenants of warranty in a conveyance of real estate is the amount of the purchase-money, with interest thereon.

Wood *et ux. v.* Bibbins.

SAME.—*Indemnity Mortgage.—Contract.—Eviction.—Conveyance Pending Litigation.*—During the pendency of litigation involving the title to real estate, A., one of the claimants, conveyed the premises in controversy to C., a third person, by a warranty deed, put him in possession, and executed to him a mortgage on other real estate "to indemnify" him "against all loss and expense which" might arise from such litigation. C., having been evicted, as a result of such litigation, and A. having paid a much larger sum for a conveyance from B. the successful litigant, to C., than that paid by the latter to A., with interest, though less than the purchase-money for such latter conveyance, A. commenced an action against B. for satisfaction of the mortgage, and the defendant, B., by counter-claim, asked a foreclosure thereof for the additional amount paid by him to B. for such latter conveyance.

*Held,* that such first conveyance and mortgage should be construed together as one contract.

*Held,*-also, that the damages recoverable by C., against A., on both warranty and mortgage, are only the amount of purchase-money paid by the former to the latter, with interest thereon, and any costs necessarily resulting from his eviction.

SAME.— *Witness.—Husband and Wife.*—Where such action for satisfaction is brought by a husband and wife, to satisfy a mortgage executed by them on her separate real estate, to indemnify the grantee of real estate by them conveyed by warranty deed, the husband only being liable on the warranty is a competent witness for the plaintiffs, though his testimony incidentally affect his wife's rights in the action.

From the Elkhart Circuit Court.

*J. H. Baker* and *J. A. S. Mitchell,* for appellants.

*R. M. Johnson* and *J. D. Osborn,* for appellee.

NIBLACK, J.—The complaint in this case was by the appellants, Charles Wood and Harriet B. Wood, his wife, against the appellee, Harvey P. Bibbins, to procure the cancellation of a mortgage on the separate real estate of the said Harriet B. Wood.

The complaint averred, that the appellants, on the 27th day of November, 1860, by their general warranty deed, conveyed to appellee a certain tract of land lying in the county of Elkhart and the State of Indiana, in consideration of the sum of eight hundred dollars; that, at the time the conveyance was made, the title to the land thus conveyed was in dispute between said Charles Wood

and one Robert Sanford, between whom a suit was then pending, involving the ownership of said land.

That, at the time of such conveyance, the appellants also executed a mortgage on another tract of land, the separate property of the said Harriet B. Wood, to secure to the appellee any liability which the appellants might incur in the event that Sanford should recover the land conveyed as above stated.

It was also averred in the complaint, that, in the suit pending when such conveyance was made, Sanford recovered the land so conveyed to the appellee, and that thereby the covenants in the appellants' deed to the appellee were broken; that the appellee, in consequence, became entitled to recover back the said sum of eight hundred dollars, the amount of the purchase-money, with interest from the time of its payment.

That the appellants had paid, on account of the failure of the title to the land so recovered by Sanford, the sum of sixteen hundred dollars, which they charge was more than they were liable to pay under the condition of said mortgage; that the appellee, though requested to release the mortgage, had failed to release the same.

The appellee answered by a general denial, and also filed a counter-claim, called in the record a cross-complaint.

The counter-claim set out and admitted the conveyance and the execution of the mortgage to the appellee substantially as alleged in the complaint, and averred, that, as a result of the judgment of Sanford against the appellant Charles Wood, he, the appellee, was evicted from the land purchased by him of the appellants, and that, in consequence thereof, he was compelled to purchase, and did purchase, the title of the said Sanford to the same, in order to retain the possession thereof, for the sum of eighteen hundred dollars—that being a sum not greater than the value of the land at the time of the

eviction. · Wherefore the appellee demanded a judgment of foreclosure on the mortgage.

The appellants answered the counter-claim:

1st. The general denial.

2d. Accord and satisfaction.

To the second paragraph of this answer, the appellee replied in general denial.

On the trial, the appellee obtained a verdict in his favor, assessing his damages at three hundred and sixteen dollars and fifty cents, on which a decree of foreclosure was entered.

The mortgage referred to both in the complaint and in the counter-claim bore date on the 28th day of November, 1860, and the substantial part of the condition of it was as follows:

"In consideration of one dollar, this mortgage is given to indemnify the said Harvey P. Bibbins against all loss and expense which may arise from a suit now pending in the Elkhart Circuit Court, wherein Robert Sanford is plaintiff and Charles Wood is the defendant, concerning the title to a certain piece of real estate, * * * * * deeded by said Charles Wood to said H. P. Bibbins, on the 27th day of November, A. D. 1860. * * * * * Now if the said Harvey P. Bibbins, his heirs or assigns, shall ever be disturbed in the quiet possession of said piece of real estate, above referred to, in consequence of said suit at law, *Sanford* v. *Wood,* above mentioned, then said Bibbins, his heirs or assigns, shall have full right and power to foreclose this mortgage, * * * * * and to sell, or cause to be sold, said land herein mortgaged, and the proceeds to be applied to remunerate said Bibbins, his heirs and assigns, from all loss and damage resulting from said suit at law above mentioned."

As has been seen, the cause was practically divided into two separate actions, each demanding affirmative relief. The action of the appellants was prosecuted, on the theory that the measure of damages resulting to the ap-

pellee from his loss of the land was the purchase-money, with interest, and that of the appellee was prosecuted, on the theory that the measure of the damages was the value of the land at the time of the appellee's eviction, not exceeding the amount paid by him to Sanford to obtain his, Sanford's, title to the land.

The cause was tried by the court below on the latter theory. It appeared, amongst other things, from the evidence, that, not long after the alleged eviction of the appellee, that is to say, some time in March, 1865, the appellee and the said Charles Wood and the said Sanford had a meeting for the purpose of adjusting the matters in difference between them; that thereupon, after some discussion, the said Sanford agreed to convey, and did convey, the land then lately so recovered by him, to the appellee, for the sum of eighteen hundred dollars; that, of that sum, the said Charles Wood paid the sum of sixteen hundred dollars, and, refusing to pay more, the appellee paid the remaining two hundred dollars. It was for this latter sum, with interest, for which the appellee obtained the verdict and decree of foreclosure on the trial, as above stated.

The court, in giving a construction to the mortgage in its instructions to the jury, amongst other things, said; " The extent of the liability on said mortgage, upon Sanford's recovery of the land, was the value of the land at the time of said recovery," etc.

The rule thus laid down was observed by the court in its admission, as well as in the rejection, of testimony offered on the trial.

It is a well recognized rule in this State, that, ordinarily, the measure of damages for the breach of covenants of warranty is the purchase-money and interest. *Reese* v *McQuilkin*, 7 Ind 450; *Burton* v. *Reeds*, 20 Ind. 87; *Coleman* v *Lyman*, 42 Ind. 289. The same rule is observed in many of the other States, and by the Supreme Court of the United States. Rawle Cov. Title, 4th

ed., pages 233–243; 3 Washb. Real Prop., p. 492; *Staats* v. *Ten Eyck*, 3 Caines, 111; *Pitcher* v. *Livingston*, 4 Johns. 1; *Waldo* v. *Long*, 7 Johns. 173; *McGary* v. *Hastings*, 39 Cal. 360; *Hopkins* v. *Lee*, 6 Wheat. 109; Sedgwick Damages, 205.

If this had been a suit, therefore, on the covenants of warranty in the deed from the appellants to the appellee, the measure of damages would have been the purchase-money and interest, with costs of suit, provided the appellee could show that he had incurred and paid any costs on account of his eviction. It remains to be seen whether the mortgage extended the liability of the appellants beyond the stipulations implied by law in the covenants in the deed.

A contract may be executed in separate instruments, and, when so executed, all the instruments must be construed together. We think that in the case at bar the appellant's deed and mortgage both relate to the same transaction, and are, hence, each portions of the same contract, and must be construed together. We think, also, that the mortgage, when thus construed, can only be held to have afforded additional security for any liability which might thereafter be incurred under the covenants in the deed, and did not in any manner enlarge the appellants' liability in case of a failure of title.

If the land had greatly depreciated in value at the time of the appellee's eviction, we presume it would not be seriously contended that he would have been required under the mortgage to have accepted less than the purchase-money, with interest. If we can not construe the mortgage as affording an indemnity for the value of the land merely in case of its depreciation, then it would seem we ought not to construe it as an indemnity for its value in case such value had enhanced beyond the purchase-money, with interest.

The mortgage provides, that, in case of the foreclosure

and sale of the mortgaged premises, the proceeds should be applied to remunerate the appellee for "all loss and damage resulting from said suit at law," to which reference was made in its conditions, as above recited. We are of the opinion, that the proper measure of this "loss and damage" was the purchase-money, with interest, the amount resulting from the breach of the covenants in the deed. We see nothing in this case to take it out of the general rule as to the measure of damages. We are, therefore, driven to the conclusion, that the court erred in giving a different construction to the mortgage, both in the admission of the evidence, and in its instructions to the jury.

On the trial, the appellant Charles Wood was permitted to testify as a witness, over the objection of the appellee, and that is assigned as a cross error here.

The said Charles Wood was alone liable on the covenants in his and his wife's deed to the appellee, and the damages resulting from a breach of those covenants constituted primarily a demand against him alone. The mortgage being given merely to secure his contingent liability under the deed, he was still the principal obligor in the transaction, and was competent to testify as to the matters in controversy between him and the appellee, even if his testimony incidentally affected the interests of his wife. *Sutherland* v. *Hankins*, 56 Ind. 343. We therefore see no error in permitting the said Charles Wood to testify as a witness.

Other cross errors are also assigned, but as they seem to us not to raise any question involving any substantial error, to the prejudice of the appellee, we will not consider them further in detail, especially as the judgment must be reversed for errors assigned by the appellants.

The judgment is reversed, at the costs of the appellee, and the cause remanded for a new trial.