No. 8428.

## SHAW ET AL. *v.* NEWSOM ET AL.

MORTGAGE.—*No Priority Between Different Claims.*—A single mortgage, given to secure obligations to different parties maturing at different times, is equivalent to the simultaneous giving of separate mortgages to secure such obligations, and no priority is allowed. Otherwise, if the obligations were payable to the same party and had passed into the hands of different owners.

SAME.—*Special Finding.*—*Motion to Modify Decree.*—*Practice.*—When a motion is made to modify a decree of foreclosure rendered upon facts found specially, the court, for the purposes of the motion, can not look beyond the finding and the pleadings.

SAME.—*Evidence.*—Evidence admitted, but not relevant to any issue, furnishes no ground either for modifying the judgment or decree, or for a new trial.

From the Knox Circuit Court.

*W. I. Baker, L. Shaw, H. Burns* and *J. S. Pritchett,* for appellants.

*J. H. Louden, R. W. Miers, F. W. Viehe* and *R. G. Evans,* for appellees.

WOODS, J.—Complaint by the appellants, and cross complaint by the appellees, Worley and the First National Bank of Bloomington, Indiana, to foreclose a mortgage made by Joseph E. and Sarah J. Newsom, to secure the payment of two promissory notes, one of which was made to the appellants by Joseph E. Newsom, as principal, and Andrew J. Newsom and James E. Miller, as sureties, and the other made by Joseph E. Newsom to Goss, Newsom & Co., a partnership composed of Andrew J. Newsom, James E. Miller and Joseph E. Goss, and by them endorsed to Worley and the bank.

The finding of the court is to the effect, that, on the 3d day of October, 1876, the defendant Joseph E. Newsom, as principal, and the defendants Andrew J. Newsom and James E. Miller, as sureties, executed their promissory note to the plaintiffs for the sum of $1,900, due ninety days after date, as set. forth in the plaintiffs' complaint herein, and that there is now due on said note the sum of $1,812.49. * * * That on the first day of December, 1876, the defendant Joseph E. Newsom executed to the defendants Joseph E. Goss, Andrew J. Newsom and James E. Miller, under the firm name of Goss, Newsom & Co., his promissory note for the sum of five thousand and sixty dollars, due four months after date, and that said Goss, Newsom & Co. transferred said note by endorsement to the defendants, the First National Bank of Bloomington, Indiana, and Frank E. Worley, all as set forth in the cross complaint of said last-named defendants, and there is now due on said note the sum of $6,806.10. * * * That

on the 29th day of December, 1876, the defendants Joseph E. Newsom and Sarah J. Newsom, his wife, to secure the payment of both of the notes above referred to, executed to the defendants Joseph E. Goss, Andrew J. Newsom and James E. Miller, under the firm name of Goss, Newsom & Co., their mortgage on the following described real estate, to wit., etc.

Upon this finding, the court ordered the equity of redemption of the mortgagors in and to the mortgaged premises foreclosed, and that the proceeds of the sale, after payment of costs, be applied *pro' rata* upon the respective sums found due the appellants, and the appellees, Worley and the First National Bank. The appellants moved at once for a modification of the decree, to the effect that their demand should be preferred and paid in full, before any part of the proceeds of the sale should be applied upon the sum found due to the said appellees.

The court overruled the motion, the appellants saved an exception and have assigned error on the ruling. This presents the question to be decided.

The appellants argue that their lien was prior to that of the appellee because their demand became due first.

It is the well settled law of this State, that if a mortgage be given to secure successive· instalments of a debt, evidenced by promissory notes maturing at different times, and the notes pass into different hands, the transfer of the notes operates as an assignment *pro tanto* of the mortgage, and the holders of the several notes have priority of lien in the order in which their respective demands become due. *The People's Savings Bank, etc.,* v. *Finney,* 63 Ind. 460, and cases cited; *Doss* v. *Ditmars,* 70 Ind. 451.

It by no means follows, however, that a like priority shall prevail when a single mortgage is given to secure separate obligations to different parties, maturing at different times. Such a mortgage is in all essential respects equivalent to the simultaneous giving of separate mortgages to secure such obliga-

tions. *Moffitt* v. *Roche*, 76 Ind. 75. And in such case no priority is allowed. *Cain* v. *Hanna*, 63 Ind. 409; *Goodall* v. *Mopley*, 45 Ind. 355.

The appellants further claim, upon this point, that the evidence shows an arrangement between the members of the firm of Goss, Newsom & Co., whereby the members of the firm might endorse or sign as surety for the customers of the company, and, if loss was suffered, it should be borne by the firm; that it was under this arrangement that Andrew Newsom and Miller became sureties upon the note to the appellants, and consequently their liability upon the note was in legal effect the liability of Goss, Newsom & Co.; and in reference to these facts counsel for the appellants say: "We understand the rule in equity to be, that where a surety takes a security to indemnify himself against loss by reason of his suretyship, and also to secure a debt due to him personally, the security is first to be applied to the payment of the debt for which he is surety, and if the security is not sufficient to satisfy both debts, the surety must bear the loss." 1 Hilliard Mort. 347, section 48; Brandt Suretyship, 382, section 283.

Without controverting the soundness of the doctrine as stated, it is enough to say that it can not be applied to the record before us. It is not averred in the pleadings, nor found by the court, that the firm of Goss, Newsom & Co. are liable as sureties upon the note made to the appellants; and, in passing upon the motion of the appellants for a modification of the decree, the court was not called upon, and indeed had no right, to look beyond its finding and the pleadings in the case, and unless, upon the issues and the finding, the appellants were entitled to the alleged priority, the court committed no error in overruling their motion.

There being no issue in the case to which it was relevant, the evidence referred to afforded no ground, either for a modification of the decree, or for a new trial.

The judgment is affirmed, with costs.