Wilson *v.* Peelle, Adm'r.

No. 8396.

WILSON *v.* PEELLE, ADM'R.

COVENANT OF WARRANTY.—*Seizin.—Breach.—Decedents' Estates.—Parties.
—Heir.*—Where a covenant of warranty was broken in the lifetime of the covenantee, and possession was by him surrendered to the holder of the paramount title, and the covenantee has died, the action should be brought by the administrator and not by the heir.

SAME.—*Paramount Title.—Complaint.*—In such action the complaint must show that the title to which possession was surrendered was paramount to that of the grantor of plaintiff's intestate and of all other persons.

SAME.—*Fee Simple.*—In such complaint an averment that the paramount title was in fee simple imports that it was the highest and most ample of all estates.

SAME.—*Eviction.—Partition.—Evidence.*—On trial of such action, a judgment in a partition proceeding, where the question of title was in issue, is competent evidence to prove the eviction of the covenantee, but not to prove the paramount title by which he was evicted.

SAME.—*Judgment.*—A judgment binds only parties and privies.

SAME.—*Real Estate.—Possession.—Deed.—Joint Tenant.*—A deed of land draws possession to the grantee, and the possession of one joint tenant is the possession of both. The title of neither is superior.

SAME.—*Sheriff's Sale.*—Where a deed was made to C. and H., and the interest of C. was sold and conveyed by the sheriff, the purchaser did not thereby acquire a title superior to that of H., nor could C.'s title by lapse of time have become superior to that of his co-owner.

SAME.—*Common Source of Titles.*—Where both parties claim under the same third person, it is *prima facie* sufficient to prove the derivation of title from him without proving his title.

SAME.—*Measure of Damages.—Set-Off.—Mesne Profits.*—In actions for breach of the covenant of seizin, the measure of damages is the purchase-money with interest, without the right to set off the mesne profits.

From the Shelby Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellant.
*T. B. Adams* and *L. T. Michener,* for appellee.

ELLIOTT, C. J.—The complaint of the appellee is based upon a deed containing the usual covenants of warranty. The breach alleged is, that, at the time the deed was executed, the grantor did not have title to, or right to convey, a part of the land therein described; that a judgment was duly entered in

an action instituted by the claimants thereof, adjudging them to be the owners, and that the appellee's intestate thereupon surrendered possession of the land awarded by the judgment to the claimants.

It is urged that the administrator has no right to maintain this action, and we are referred to the cases of *Martin* v. *Baker*, 5 Blackf. 232, *Burnham* v. *Lasselle*, 35 Ind. 425, *Coleman* v. *Lyman*, 42 Ind. 289, and *Frink* v. *Bellis*, 33 Ind. 135. These cases do not support appellant's position. The breach for which the appellee sues occurred in the lifetime of the grantee, and possession was surrendered prior to his death. Where the covenant is broken in the lifetime of the covenantee, and possession is by him surrendered to the holder of the paramount title, the action should be brought by the administrator, and not by the heir. In such a case, the land does not descend to or vest in the heir, and, therefore, no right of action for a breach of the covenant is ever acquired by him. *Craig* v. *Donovan*, 63 Ind. 513; *McClure* v. *McClure*, 65 Ind. 482.

In an action for a breach of the covenant of warranty, it is necessary for the complaint to show that the title to which possession was surrendered was a paramount one. It is not sufficient to show that it was above or greater than that of the grantor, but it must also be shown that it was superior to that of all others. The complaint in this case does show that the title which prevailed against appellee's intestate was paramount to that of his grantor and all other persons. The allegation is that Joseph Hamilton was the owner in fee simple, by an older and a better title than that of the appellant. The title of Hamilton is averred to have been in fee simple, and this imports the highest and most ample of all estates.

The other questions which appellant's counsel discuss arise upon the ruling denying the motion for a new trial. The record of a partition suit, instituted in Howard county by the owners of the paramount title, was introduced in evidence,

and of the ruling permitting its introduction complaint is made upon the ground that the appellant was not a party to the suit, and not bound by the judgment. The record was properly admitted, not for the purpose of establishing a paramount title as against the appellant, but for the purpose of showing an eviction. A judgment rendered in an action where the question of title is in issue is always competent evidence in a case like this, for it tends to prove that the covenantee was evicted from the land conveyed to him. *Rhode* v. *Green*, 26 Ind. 83.

The appellant contends that the finding of the court is not sustained by the evidence, and, in the course of his argument upon this point, affirms that the judgment in the partition suit is not evidence of a paramount title. In this position, counsel are right. The judgment in the partition proceedings was not effective against the appellant, for the reason that he was not a party to the suit. It is a familiar rule, that a judgment binds only parties and privies, and this elementary rule applies here. *Crance* v. *Collenbaugh*, 47 Ind. 256. If there was no other evidence of a paramount title than that furnished by the judgment in the suit for partition, the appellant would be entitled to a reversal. There was other evidence, for the deeds executed by all the former owners of the land were introduced by the appellee. The question does not, therefore, depend upon the effect of the judgment in the partition proceedings.

The appellee put in evidence a patent from the United States to Ezra Davis, dated January 1st, 1850, a deed from Ezra Davis to Simon P. Davis, dated October 6th, 1852, and a deed from Pleasant Davis to Michael Carr and Joseph Hamilton, dated January 26th, 1856. The title of appellant was shown to have been derived from a sheriff's sale made upon a judgment rendered in favor of Pleasant Davis against Michael Carr for the unpaid purchase-money of the real estate described in the deed from Davis to the judgment debtor and Joseph Hamilton. It is plain that appellant obtained what-

ever title Carr had, but it is equally clear that he did not obtain Hamilton's title, who, by virtue of the deed of Pleasant Davis, was a joint owner of the land. Appellant's position is, that, as no conveyance from Simon P. Davis is shown, there was, therefore, an outstanding paramount title in him. The court below found that the names of Simon P. Davis and Pleasant Davis designated one and the same person, and we are inclined to the opinion that there is evidence fairly warranting this conclusion. But, independently of this consideration, the finding of the court was clearly right. The deed to Hamilton and Carr drew to them the possession of the land described in it, and their possession must be deemed to have commenced on the 26th day of January, 1856, and to have thence uninterruptedly continued in both of them until the execution of the sheriff's deed to the appellant, on the 6th day of May, 1858, and then broken only as to Carr, if broken at all. If it could be presumed that the land then went into possession of the appellant, his possession could not have ripened into a title against his co-owner. Nor could Carr's title by lapse of time have become superior to that of Hamilton. These conclusions are deducible from the two rudimental rules: (1) A deed of land draws possession to the grantee; (2) The possession of one joint tenant is the possession of both. The right which the appellant acquired was such as the judgment debtor possessed, and this was such as the deed of the grantor, designated as Pleasant Davis, could convey. If the deed of Pleasant Davis conveyed no title, then the appellant acquired none; and as the title of appellant relates back to and flows from this deed, it affords presumptive evidence that his grantor had a good right to convey. *Prima facie* at least, there was a right in Pleasant Davis to convey, and if he had such right his conveyance was effectual, not as to one only of his grantees, but as to both. The appellant's only source of title is the deed of Pleasant Davis, and, asserting title thereunder, he necessarily asserts that his grantor had title and a right to convey. The evidence unexplained showed

title in Pleasant Davis and possession for such a length of time, even if computed from the conveyance to Hamilton and Carr, as would have barred the claims of Simon P. Davis, if he were indeed another than Pleasant Davis.

Appellee insists that, as appellant claims title from Pleasant Davis, he is estopped to question the right of Davis to convey. We need not decide whether this position is or is not correct. It was sufficient for the appellee to show a *prima facie* case, and this was done by the evidence furnished by the deeds and the acts of the parties thereunder. It is laid down by Professor GREENLEAF, that " Where both parties claim under the same third person, it is *prima facie* sufficient to prove the derivation of title from him, without proving his title." 2 Greenl. Ev., section 307. This general principle is recognized and enforced in *Pierson* v. *Doe*, 2 Ind. 123.

There was no error in assessing the amount of the recovery. The appellee was entitled to recover the purchase-money with interest. This is the measure of damages in actions for the breach of the covenant of seizin. Nor was the appellant entitled to set off the mesne profits during the time appellee was in possession, for he had no right to them. The rightful owner might compel the appellee to account, but the appellant can not.

Judgment affirmed, with costs.