No. 9209.

## WILBER, ADMINISTRATOR, *v.* BUCHANAN ET AL.

MORTGAGE.—*Consideration.—Vendor and Purchaser.—Partial Failure of Title. —Eviction.—Promissory Note.—Decedents' Estates.—Assignor and Assignee. —Priority of Liens.—Partition.*—Suit by an administrator to foreclose a mortgage for instalments of purchase-money of lands first maturing—several notes having been given. The widow filed a cross complaint for foreclosure of the same mortgage as to notes for later instalments, which had been bequeathed to her by the will of the decedent, and to establish priority thereof over the notes held by the plaintiff. Answer by the mortgagor to both, that the consideration had failed in part, in this, that the decedent had conveyed the land to him by deed, with covenants, for $5,000; that as to one-fifth, undivided, he had no title, the title being in H., which was so adjudged in a suit by H. for partition.

*Held,* that the answer was good; showing a sufficient defence as to one-fifth of the purchase-money.

*Held,* also, that the judgment of partition in favor of H. was a constructive eviction.

*Held,* also, that while a defect of title can not be pleaded in bar of the foreclosure of a mortgage for purchase-money, it can be as a failure of the consideration of the notes given for the title, which would incidentally defeat the foreclosure.

*Held,* also, that, though the notes held by the widow were last to mature, she was entitled to priority, as an assignee, and the failure of consideration must first fall upon the notes held by the administrator.

From the Ohio Circuit Court.

*J. B. Coles* and *D. S. Wilber,* for appellant.

*A. C. Downey, G. E. Downey* and *S. H. Stewart,* for appellees.

FRANKLIN, C.—This action was brought by the appellant to collect three notes given to the decedent in his lifetime, and to foreclose a mortgage given to secure their payment with other notes, two of which were paid before the death of the testator. The last two notes secured by the mortgage had been delivered by the former administrator to the surviving widow, Annetta Buchanan (now Hays), under the provisions of the decedent's will. The widow, on her application, was made a party to the action to foreclose the mortgage.

The defendants William S. Buchanan and wife answered in two paragraphs:

1st. A plea of payment. The 2d set up a partial failure of consideration, for the reason that the decedent had no title to one-fifth of the land conveyed for $5,000, and for which the notes were given in part; and that Cornelia Hubbart and Margaret Riggs, in a partition proceeding, had been decreed by the Dearborn Circuit Court, on a change of venue, to hold a paramount title to the undivided one-fifth of the land, and that their title thereto be forever quieted; and praying for a deduction of one-fifth of the purchase-price, to wit, $1,000, from any judgment that might be rendered in the cause; that one-fifth of said land is held by a paramount title in said other persons.

Reply in denial, and that the defendants were still in the possession of the land, and also alleging that the defendants got a reduction of $1,669 from the purchase-price of the land at the time of the sale, to offset any defect of title.

Appellee Hays filed a cross complaint asking to have a judgment and foreclosure of the mortgage as to her notes.

The plaintiff and the defendants separately answered her cross complaint; the defendants by setting up the same matters as stated in defendants' second paragraph of answer to

plaintiff's complaint, and the plaintiff asked that as his notes were of prior maturity, if any deduction was made on account of defect of title, it should be made from the notes held by Mrs. Hays, and not from the ones held by him. Mrs. Hays replied to this answer by alleging that the said last two notes had been transferred to her by the former administrator in good faith as a legacy devised to her and specified in the will of her deceased husband, and as the former notes sued on yet belong to the estate, if any deduction was made, it should be from them, and not from her notes. A demurrer was overruled to the second paragraph of defendants' answer, which presents the only question upon the pleadings. A trial was had by the court, which found that the defendants were entitled to a deduction on account of defect of title, and that it should be made from the plaintiff's notes.

Over a motion for a new trial, judgment was rendered for the plaintiff for a balance of his notes in the sum of $59.75, and for Mrs. Hays in the sum of $713.62, and for a foreclosure of the mortgage as to both sums.

The errors assigned in this court are:

1st. Overruling the demurrer to the second paragraph of the defendants' answer.

2d. Overruling the demurrer to the cross complaint of Annetta J. Hays.

3d. Overruling the motion for a new trial.

The second error assigned is not referred to in appellants' brief, and is therefore waived.

Appellant, in his brief, presents three questions, arising under the first and third errors assigned, for the consideration of this court:

1st. As to whether the second paragraph of defendants' answer states facts sufficient to constitute a defence to any part of the plaintiff's claim?

2d. If the paragraph is good, are the defendants entitled to more than nominal damages thereon?

Wilber, Administrator, *v.* Buchanan *et al.*

3d. Can the deduction, if any, be taken from the plaintiff's claim?

The first objection to the second paragraph of the answer is, that it does not show an ouster of the defendants' possession; and appellant insists that, as long as the defendants remained in possession, they could not set up a defect of title as a defence to the payment of the notes given for the purchase-money, and a number of authorities are referred to in support thereof.

This is no doubt the general rule, based upon the fact that although the title is defective, still, under the statute of limitations, possession may be retained until it ripens into a good title. But this doctrine can not apply where the land is held by tenants in common; unless there is a constructive or actual ouster, the possession of one is the possession of all; neither has the right to the exclusive possession of any specific part thereof, and can not turn the other out except upon partition, and having some specific part assigned.

In the case at bar, the judgment of the Dearborn Circuit Court was, that certain other parties were the owners of an undivided one-fifth of the land; that their title thereto be forever quieted; and a perpetual injunction was granted against interfering with their title, and that they have partition thereof accordingly.

The defendants had a right to yield to the paramount title thus judicially declared without waiting for an actual ouster from any specific portion of the land that should be assigned to defendants in the partition. They could not do otherwise without yielding the possession of the undivided part to which they held a good title.

It is further objected that this paragraph of the answer does not allege fraud, or a breach of the warranty of the deed.

It is true that it does not allege fraud, nor is it necessary that it should; but it does allege a breach of the warranty of the deed, and makes the deed a part of the paragraph, claim-

ing that the breach has worked a partial failure of the consideration of the notes.

It is further objected, that the mortgagor can not plead a defect in the title to the mortgaged premises as a defence to the foreclosure of the mortgage. While this is true, yet he can plead a defect or want of title as a failure of the consideration of the notes given for the title; and this is all we understand this paragraph of the answer to attempt to plead. True, if the failure or want of title destroyed the whole consideration of the notes, it would defeat a foreclosure of the mortgage, for the reason that there would be no debt to be paid by a foreclosure of the mortgage, and it would cease to secure anything; but if the breach only worked a partial failure of the consideration of the notes, the mortgage could be foreclosed on the whole land for the payment of the balance, notwithstanding the partial failure of consideration, as was done in this case. We think the second paragraph of defendants' answer stated facts sufficient to constitute a good plea of partial failure of consideration.

The other two questions arise under the reasons stated for a new trial, and have reference to the sufficiency of the evidence to support the finding. There are a number of reasons stated in the motion for a new trial that are not referred to in appellant's brief. They are, therefore, waived, and need not be here stated.

It is insisted that, under the evidence, no eviction was proved, and that nothing more than nominal damages could be allowed. Eviction does not necessarily require an actual ouster. There may be a constructive eviction, and what, in equity, is equivalent to an ouster. *Tufts* v. *Adams*, 8 Pick. 547; Rawle Covenants of Title, 4th ed., pp. 688, 689, note 1.

A decree of foreclosure and sale is equivalent to an eviction; the holder is compelled to buy in the paramount title or suffer an actual ouster of his possession. *Hunt* v. *Amidon,* 4 Hill, 345; *Cowdrey* v. *Coit,* 44 N. Y. 382 (4 Am. R. 690);

*Hannah* v. *Henderson,* 4 Ind. 174; *Black* v. *Duncan,* 60 Ind. 522, p. 530.

The assertion and establishment of a paramount title in a tenant in common to a part of the premises are equivalent to an eviction to that extent, for the reason that the possession of one tenant in common is the possession of all, and the co-tenant, establishing a paramount title under the assertion of his rights, is thereby invested with the possession of that undivided part, without an actual ouster of his co-tenant. *Sebrell* v. *Hughes,* 72 Ind. 186; *Wilson* v. *Peelle,* 78 Ind. 384.

In the latter case it was held that a judgment in a partition proceeding, where the question of title was in issue, is competent to prove the eviction of the covenantee, but not to prove the paramount title by which he was evicted, unless he was made a party to the partition proceedings, and that the possession of one joint-tenant is the possession of both. The title of neither is superior to the other.

In the case at bar the record of the partition proceedings in the Dearborn Circuit Court was given in evidence, which contains a decree that Hubbart and Riggs are the owners of the undivided one-fifth of the premises (describing them); that their title thereto be forever quieted. A perpetual injunction is granted against in any manner interfering with their title, partition thereof is ordered, and commissioners appointed to make it; but the record does not show that partition has ever been made.

Appellant's decedent was not made a party to these partition proceedings, but had knowledge of their pendency. His deposition was read on the trial of the cause, and also on the trial of the present case. There was other evidence given on the trial of this case tending strongly to show a paramount title in Hubbart and Riggs to an undivided one-fifth of the premises, among which was the fact that appellant's decedent had retained a part of the purchase-money ($100), which he had agreed to pay for the land, for the purpose of offsetting any claim of title that might otherwise be set up to it.

We think the evidence tended clearly to support the find-ing of the court, that there had been an eviction under a paramount title as to one-fifth of the premises, and that the defendants were entitled to a deduction of a *pro rata* share, from the consideration which they had agreed to pay, and were not restricted to mere nominal damages.

The last question presented is, From which of the notes should the deduction be made? Mrs. Hays held the last two notes; appellant held the previous three notes.

In the case of *Doss* v. *Ditmars,* 70 Ind. 451, p. 458, it was decided that "Under the law of this State, as settled by nu-merous decisions of this court, a mortgage given to secure two or more notes, maturing at different dates and assigned to different holders, must be considered as if there were as many different successive mortgages as there were of such notes, and the holder of the note first due will have priority, and the holder of the other note or notes will come in in the same order in which such note or notes matured." See authorities therein cited. But if the "mortgage is given to secure sepa-rate obligations to different parties, maturing at different times, such a mortgage is in all essential respects equivalent to the simultaneous giving of separate mortgages to secure such ob-ligations;" and no priority exists. *Shaw* v. *Newsom,* 78 Ind. 335. But an endorsee of a part of the notes secured by a mortgage is entitled to payment in preference to the mort-gagee. 2 Jones Mortgages, section 1701, and the authorities therein cited.

In the case at bar, appellant's decedent retained three of the notes first maturing, and by his will specifically devised to his wife the last two maturing notes, which were delivered to her and a receipt taken therefor in discharge of the legacy by the former administrator with the will annexed.

This gives her a preference in payment over the notes re-tained and undisposed of by appellant's decedent, the col-lection of which is now sought to be enforced by appellant.

No question is made in the pleadings or evidence as to any

necessity for the notes which are held by Mrs. Hays being used in the payment of the debts of the estate.

The will shows that the intention of the testator was to retain the three notes first maturing to be used in the settlement of his estate, and to dispose of the other two. As against the heirs, the widow is a good-faith owner and holder of these two notes; and equity requires that any partial failure of the consideration of the notes secured by the mortgage shall first be deducted from the notes retained by the mortgagee, and shall only affect the assignee to the extent of any deficiency in the amount of the notes retained, to cover the amount of the deduction to be made.

We think there was no error in the finding of the court that the deduction should be made from the notes held by appellant.

There was no error in overruling the motion for a new trial.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.