Filed Dec. 21, 1883.

---

No. 10,326.

## WRIGHT ET AL. *v.* NIPPLE ET AL.

DEED.—*Breach of Covenants.—Eviction.—Partition.—Complaint.*—In an action for breach of the covenants of a deed, a complaint which avers that third parties had brought an action of partition against the plaintiffs for an undivided one-third of the land, which they claimed by a superior title, and in such proceeding duly recovered a judgment for such interest in said land, sufficiently avers an eviction of the plaintiff from such portion.

SAME.—*Heirs of Covenantee.*—Such action may be maintained by the heirs of an ancestor for breach of the covenant of seizin, where they acquire the land and ultimately sustain the loss.

SAME.—*Answer.—Mistake.—Reformation.*—An answer in such proceeding, that the grantors only owned a portion of such land, and that they only intended to convey such portion, but by mistake conveyed the whole, is insufficient. These facts merely show them entitled to a reformation of the conveyance, but they do not constitute a defence.

SAME.—*Measure of Damages.—Instruction.*—An instruction that the measure of damages for the loss of one-third of the land was one-third of the purchase-money for the whole land, with interest for the last six years, is within the rule established in this State.

SAME.—*Rents and Profits.*—The fact that the vendees conveyed the rents and profits from the time of the conveyance until eviction does not diminish the amount of damages as these do not belong to the covenantors.

SAME.—*Judgment in Partition.*—An instruction in such case, informing the jury that an interlocutory judgment of partition settles nothing, was properly refused, as it does determine the rights of the parties to the property.

FRAUDULENT CONVEYANCE.— *When Creditors May Set Aside.*—A conveyance made in good faith may be set aside by the fraudulent vendor's creditors, unless it was a conveyance for value.

SAME.—*Evidence.*—In determining whether a given conveyance is fraudulent, the plaintiff's claim for damages may be considered, though not put into judgment until after the conveyance was made.

Wright *et al. v.* Nipple *et al.*

PLEADING.—*Demurrer, Form of.*—In a demurrer to an answer, on the ground that the facts stated do not constitute a defence, the word "valid" before the word "defence" does not impair the demurrer in form or substance.

INSTRUCTION.—When two or more instructions, taken together, state the law accurately, no error is committed in giving them, though either one may not state it fully enough when considered alone.

SAME.—*Fraud.*—An instruction, saying to the jury that if circumstances, unexplained, clearly indicate that the transaction is fraudulent, the same is sufficient, is not erroneous, as such charge does not direct them to find the fraud from such circumstances, but simply informs them that they are authorized so to do.

SAME.—*New Trial.—Supreme Court.*—The act of the court in giving or refusing an instruction presents no question in the Supreme Court, unless the same is made the ground of a motion for a new trial.

From the Carroll Circuit Court.

*J. Applegate* and *C. R. Pollard,* for appellants.

*L. B. Sims* and *M. Winfield,* for appellees.

BEST, C.—The appellees, who are the heirs at law of William F. Brown, deceased, brought this action against Isaac S. Wright, Susannah Wright, his wife, and John W. Wright, his son, for breach of the covenants of a deed made by them to said decedent, and against James H. and Harvey W. Wright, two other sons, to set aside as fraudulent a conveyance of other land thereafter made to them by Isaac S. and his wife, and to subject the same to the payment of the appellees' claim for damages.

Issues were formed, a trial had, a verdict returned for $2,-720, upon which, over motions for a new trial and in arrest, final judgment was rendered.

The defendants appeal and insist that the complaint does not state facts sufficient to constitute a cause of action; that the court erred in sustaining a demurrer to the second paragraph of the answer; that the court erred in overruling the motion for a new trial, and in overruling the motion in arrest of judgment. These will be considered in the order of their statement.

The appellants contend that the complaint fails to aver that

the appellees have been evicted either actually or constructively, and insist that without such averment the complaint is insufficient.

The complaint, after alleging that Isaac S., Susannah and John W. Wright, on the 9th day of January, 1869, conveyed to said decedent by warranty deed a certain quarter section of land in Carroll county, Indiana, in consideration of $6,-000 paid by him to them, and that said decedent died intestate in February, 1873, in possession and seized of said land, leaving the appellees his only heirs at law, avers that " there has been a breach of the covenants of said deed in this, to wit, that Harvey W. Wright and Charles H. Wright were, at the time and before the execution of said deed, the owners in fee of the undivided one-third of said real estate, and have continued from then to the present time to be the owners by a title superior to that of the defendants Isaac, Susannah and John W. Wright; that on the 19th day of May, 1881, in a suit between these plaintiffs and Charles H. and Harvey W. Wright for partition in this court, in a trial had upon issues formed, it was found and adjudged and decreed by the court that they were the owners of the undivided one-third of said lands and were entitled to have partition, and these plaintiffs then dispossessed and yielded to said superior title and recognized in this the said one-third, so that these plaintiffs have been compelled to surrender the title to the undivided one-third of said lands to said superior title; that these plaintiffs, by reason of said facts, are the owners of the two-thirds only of said lands."

It is not alleged, as will be observed, that the appellees had surrendered the actual possession of any portion of said premises, but it is averred that the title to an undivided one-third of the same, in a proceeding for partition, had been adjudged to be in the owners of the alleged superior title, and that the appellees recognized the right and yielded the title so adjudged. In *Wilber* v. *Buchanan*, 85 Ind. 42, it was held that such judgment invests the plaintiff in such proceedings with

the possession of his undivided portion, and thereby constructively evicts the defendant from the portion so adjudged to be in the plaintiff. Upon the authority of that case this complaint must be deemed to aver an eviction of the appellees from one-third of the premises.

It is next insisted that as Isaac S., Susannah and John W. had no title when their conveyance was made, the covenant was broken as soon as made, and the cause of action is, therefore, in the personal representative, and not in the heirs. This is not the rule where the heirs acquire the land and ultimately sustain damages. In such case they may maintain an action for breach of the covenant of seizin. *Martin* v. *Baker*, 5 Blackf. 232; *Coleman* v. *Lyman*, 42 Ind. 289; *Wilson* v. *Peelle*, 78 Ind. 384.

This disposes of the objections made to the complaint, and as it must be deemed sufficient, the first and fourth assignments of errors can not be sustained.

The second paragraph of the answer averred, in substance, that the appellants, at the time of their conveyance, only owned an undivided one-third of said land and the inchoate interest of said Susannah in the residue thereof; that the parties to said conveyance intended that such interest as was owned by them should alone be conveyed, but by mutual mistake the whole was conveyed; that the grantors put the grantee in possession of the interest intended to be conveyed, and that the appellees still retain such possession, etc.

The demurrer to this paragraph alleged that the facts stated did not constitute a *valid* defence to the plaintiffs' cause of action, and the appellants insist that this demurrer was not in proper form, and for that reason was improperly sustained. The objection made to the demurrer is that the word *valid* is employed. We think this word does not affect its form or substance. If the facts averred did not constitute a valid defence, they constituted no defence at all, and as the word only expressed what was understood, it did not change the

legal effect of the demurrer. The demurrer was, as we think, sufficient.

The facts averred in this paragraph constituted no defence to the action. The most that they tended to show was that the appellants were entitled to a reformation of the deed. This they did not seek, and the mere mistake itself, so long as the instrument remained unreformed, constituted no defence. Had the appellants sought and obtained a reformation, the instrument as reformed would have constituted a complete defence. *King* v. *Enterprise Ins. Co.*, 45 Ind. 43.

The demurrer was, therefore, properly sustained.

The motion for a new trial embraced many reasons. Those only that are mentioned in appellants' brief will be considered.

The appellants complain of the court's charge as to what constitutes an eviction. The court instructed the jury that if, in a partition proceeding brought by Harvey W. and Charles H. Wright, against the appellees, the former were adjudged the owners of an undivided one-third of the land, and the latter acquiesced in said judgment, and thereafter held possession of the land as tenants in common with said Harvey W. and Charles H. Wright, and not adversely to them, such facts constituted an eviction, though the appellees had not surrendered the actual possession of any portion of the land. This charge is within the rule announced in the case of *Wilber* v. *Buchanan, supra*.

The court instructed the jury that the measure of damages for the loss of one-third of the land was one-third of the purchase-money paid for the whole land, with interest for the last six years. This charge is within the rule established in this State. *Overhiser* v. *McCollister*, 10 Ind. 41; *Burton* v. *Reeds*, 20 Ind. 87; *Wood* v. *Bibbins*, 58 Ind. 392; *Wilson* v. *Peelle*, 78 Ind. 384.

The fact that the appellees enjoyed the rents and profits since the conveyance does not change the measure of damages. These do not belong to the covenantors, and they can not recoup them from the purchase-money and interest, nor can

they compel the appellees to account for them. *Wilson* v. *Peelle, supra.*

The court instructed the jury that if they found that the appellees were entitled to recover against Isaac S. and John W. Wright, the question remaining for them to determine was whether the alleged conveyance made to Harvey W. and James H. Wright was made to defraud the creditors of Isaac S. Wright. As Harvey W. and James H. Wright claimed to be purchasers for value, this instruction, standing alone, was, as appellants suggest, too narrow, as it omitted to inform the jury that the question also remained whether, if such purchasers, they accepted such conveyance for such fraudulent purpose. This omission, however, was supplied, as the court immediately thereafter, and in connection therewith, said to the jury that " a conveyance of property made and accepted for the purpose of defrauding creditors is void as against the creditors." These propositions, taken together, stated, as we think, substantially the question as to the alleged fraudulent conveyance. At least, they were not misleading, and if the appellants were apprehensive that they were not broad enough to call the attention of the jury to this particular phase of the case, the appellants should have requested the proper charge.

They also say the second proposition is wrong, as such conveyance is not void where the vendors have sufficient other property with which to pay their debts. This is true, and the court, in its charge, said to the jury that " to entitle the plaintiffs to a verdict setting aside the conveyance, it must appear that Isaac S., Susannah and John W. Wright did not have other property sufficient to pay their debts, and that such insolvency continued till the time of the trial." These propositions, taken together, contained an accurate statement of the law upon this question.

The court, after stating to the jury that the burden of proving the alleged fraud rested upon the appellees, said : " The proof, however, need not be direct; if it consists of a chain

of circumstances that clearly indicate that the transaction is fraudulent, if unexplained, it will be sufficient, for this is all the law requires."

This instruction refers to circumstances established by the proof. If they, unexplained, clearly indicate that the transaction is fraudulent, the jury may draw the inference. To say that proof of fraud by such circumstances, unexplained, is sufficient, is not a direction that they must so find. It simply informs them that such proof is deemed sufficient in law, and leaves the facts and inferences from the facts to the jury.

The appellants requested the court to instruct the jury that "if they found that this action was begun upon the 15th day of August, 1881, and that the report of the commissioners to make partition in the cause, the record of which has been produced in evidence, was not approved and confirmed until the 12th day of September, 1881, then there is nothing in that record which shows any right upon the part of the plaintiffs to recover in this action."

This instruction is based upon the assumption that an interlocutory judgment in partition settles nothing. This is a mistake. It settles and determines the rights of the parties in the common property, and upon these questions it is final and conclusive. Nothing more remains to be done to determine the rights of the respective parties to the property, and each is bound by the conclusion reached. It is true that an appeal can not be taken to this court until after confirmation, as such judgment is not for such purpose regarded as final, but it does not thus follow that the rights of the parties were not settled and determined by the interlocutory judgment. If determined by such judgment, then the record of it did tend to show a right in the appellees to recover, and the instruction was properly refused.

The appellants further requested the court to instruct the jury as follows: "If you find that the conveyance of James H. Wright and Harvey W. Wright was received by them in good faith, it can not now be set aside for the reason that

Isaac S. Wright, in making it, intended to defraud his creditors, nor because the price which they agreed to pay for the land was a less price than you may think the land at that time was fairly worth."

This instruction was properly refused. The first proposition is not an accurate statement of the law. The fact that the conveyance was received in good faith furnished no obstacle to setting it aside, if fraudulent, unless it was a conveyance for value. The omission to thus qualify the first proposition rendered the whole wrong, and it was therefore properly overruled.

The appellants also requested the court to instruct the jury that in estimating the indebtedness of Isaac S. Wright at the time the alleged fraudulent conveyance was made, they should not include the damages sustained in this action.

The conveyance in question was made before the judgment in partition, and appellants insist that these damages had not then accrued. This may be, but the liability existed and this authorized the jury to consider these damages. If Isaac S. Wright owed nothing else, and the alleged conveyance was made and accepted to escape such liability, surely the jury should consider such damages as the appellants had sustained by breach of such covenant. This instruction was, therefore, properly overruled.

Instruction numbered $5\frac{1}{2}$ is not embraced in the motion for a new trial, and its refusal presents no question.

The evidence, in our opinion, was sufficient to show an eviction, and we can not, therefore, disturb the judgment upon such question.

This disposes of all the questions in the record, and as there is no error in it, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellants' costs.

Filed Dec. 21, 1883.