Shauck, J.
The only question deemed entitled to consideration in this report relates to the soundness of the contention of the plaintiff in error, that because of the earlier maturity of the note held by him he is entitled to full payment out of the proceeds of the sale of the property mortgaged to indemnify the sureties of the mortgagors, before Mrs. Clifford is entitled to any portion thereof. The proposition is said to be supported by the decisions of this court in The Bank of the U. S. v. Covert et al., 13 Ohio, 240, and Winters & Son v. The Franklin Bank of Cincinnati, 33 Ohio St., 250.
These cases should be regarded as placing it beyond controversy in this state, that where a single indebtedness is made the consideration for several notes, from the debtor to the creditor, *482 maturing at different dates, and secured by the same mortgage, and the notes are held by different persons at the time of foreclosure, priority of lien belongs to the note first maturing, unless a different intention is expressed by the parties. The statement of the rule shows that it arises from a consideration of the intention of the parties, as it may be inferred from the transaction. It seems to have no other foundation.
While the rule thus defined should be adhered to as a rule of property, it should not be extended to cases not within its reason. The mortgage in the case before us was given to secure conditional liabilities, upon wholly distinct debts, due originally to different parties and contracted at different times, and we are not able to infer from the transaction any intention that priority of lien should exist in favor of the holder of the note first maturing. The rule established in the cases above cited is followed in Indiana; but in that state its application to a single mortgage, given to secure obligations to different parties, maturing at different dates, has been denied. Shaw et al. v Newsome et al., 78 Ind., 335.

Judgment affirmed.