## Ewing and Wife *versus* Thompson, Administrator.

1. An action may be maintained for breach of a parol contract for the sale of land, but the measure of damages is the actual consideration passing between the parties.

2. If the consideration be services, they are to be compensated according to their value; if money, the amount with interest.

3. The value of a parol bargain for the sale of land is not the measure of damages for its breach.

4. In an action for breach of a parol contract to give land, the whole contract may be proved, but not the value of the land.

November 3d 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county*: No. 120, to October and November Term 1869.

This was an action of assumpsit brought, January 7th 1868, by John M. Ewing and Sarah his wife in her right, against Alexander B. Thompson, administrator, &c., of Daniel Morgan, deceased. The declaration alleged a special contract between Mrs. Ewing and the decedent in his lifetime, that if she would keep house for him and nurse him during his life, he would leave her the farm on which he lived, and averred performance on her part; the breach was that he did not leave her his farm. The declaration did not contain the common counts.

On the trial, June 2d 1869, before Kirkpatrick, J., the plaintiffs made the following offers of evidence:—

1. To prove that Daniel Morgan in his lifetime made a contract with plaintiff Sarah Ewing, by which he stipulated and agreed that if said Sarah would come to his house and live with him, nurse him, care for him during his lifetime, as a compensation for her services he would give her the farm on which he then resided, and that in pursuance of said contract, with the assent of her husband, they, Ewing and wife, moved to the house and farm of

[Ewing v. Thompson.]

Morgan, nursed, cared for him and provided for him during his lifetime, and in all things fulfilled and performed the contract on their part up to the time of his, Morgan's, death : *for the purpose of showing the value of the contract and consideration thereof, on which the services were rendered by plaintiff.*

2. To prove the contract under which plaintiff entered into the service of Daniel Morgan, deceased, and the services rendered under that contract, the situation of plaintiff at the time of the making of the contract ; the sacrifices she made to fulfil the same : for the purpose of enabling the jury to ascertain the value of plaintiff's services to Daniel Morgan, deceased, and the damage sustained by the plaintiff, by the non-fulfilment of the contract.

3. To prove the contract between plaintiffs and decedent, as declared on ; performance on part of plaintiff ; breach on part of defendant.

This for the purpose of showing the plaintiffs' cause of action.

All the offers were rejected and several bills of exceptions sealed.

The court then directed a nonsuit to be entered.

The plaintiffs, on a writ of error by them, assigned for error the rejection of their offers, and entering the nonsuit.

*N. P. Fetterman* (with whom was *T. B. Hamilton*), for plaintiffs in error.—The Act of Assembly does not make a parol agreement, for the sale of land, void ; an action will lie to recover damages for the breach of it: Bell *v.* Andrews, 4 Dall. 152 ; Ewing *v.* Tees, 1 Binney 450 ; George *v.* Bartoner, 7 Watts 530 ; Allen's Estate, 1 W. & S. 383 ; Thurston *v.* Franklin College, 4 Harris 154 ; Moore *v.* Small, 7 Id. 467 ; Hastings *v.* Eckley, 8 Barr 194 ; Dumars *v.* Miller, 10 Casey 319 ; McNair *v.* Compton, 11 Id. 23 ; Bender *v.* Bender, 1 Wright 420 ; Jack *v.* McKee, 9 Barr 235 ; Bash *v.* Bash, Id. 260.

*R. Woods,* for defendant in error.—The plaintiff had the right to recover for her services, but had no right to show to the jury that she had lost a good bargain as to land, to induce them to give more than her services were worth: Graham *v.* Graham, 10 Casey 475 ; Dumars *v.* Miller, 10 Id. 319 ; Burlingame *v.* Burlingame, 7 Cow. 92 ; King *v.* Brown, 2 Hill 485 ; Hertzog *v.* Hertzog, 10 Casey 432.

The opinion of the court was delivered, January 3d 1871, by

READ, J.—It is much to be regretted, that the 5th section of the act for the greater certainty of title, and more secure enjoyment of real estate, passed the 22d of April 1856, was repealed by the Act of 13th of May 1857. A state with three millions and a half inhabitants, with railroads connecting her most distant points, and a common school system pervading the whole Common-

[Ewing *v.* Thompson.]

wealth, is certainly prepared to require that all contracts for the sale of land shall be in writing, In allowing actions for damages, on verbal contracts, for the sale of lands, we differ not only with the law of England, but I believe with the law of every other state in the Union. A policy thus universal must be right, and we thought so for one year.

By our law such an action may be sustained, but the measure of damages is the actual consideration passing between the parties. If the consideration were services rendered, they are to be compensated according to their value—if moneys received, they are to be returned with interest. But the value of the bargain is not the measure : McNair *v.* Compton, 11 Casey 23.

This question was the subject of so thorough and exhaustive an examination, by Woodward, J., in his opinion in Malaun's Administrator *v.* Ammon, reported in 1 Grant's Cases 123, and also in 10 Casey 423, the principles of which were adopted by the Supreme Court in Hertzog *v.* Hertzog's Administrator, 10 Casey 418, that it is unnecessary to enter into them. This case was followed by Dumars *v.* Miller, 10 Casey 319 ; Graham *v.* Graham's Executors, Id. 475, Strong, J., delivering the opinion, and McNair *v.* Compton, 11 Casey 23, and is the settled law of the state.

It was therefore open to the plaintiffs to prove the contract between Daniel Morgan and Sarah Ewing, and of course all its terms. The value of the land was irrelevant, as it did not enter into the question of damges, the measure of damages being the value of the services rendered by her.

The court were therefore clearly in error in rejecting the 3d offer to prove the contract between the parties. The proof of the contract cannot in any manner affect the measure of damages, which is settled by the law of the land.

The plaintiff should not have been nonsuited.

Judgment reversed, and a *venire de novo* awarded.