## HANLON *v.* CONRAD-KAMMERER GLUE COMPANY.

[No. 8,011. Filed June 4, 1913.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—A consideration of questions presented is not barred on the ground that appellant's brief does not comply with Rule 22 of the Supreme and Appellate Courts, where the brief evidences a good faith effort to and does substantially comply therewith. p. 506.

2. COVENANTS.— *Warranty.*— *Breach.*— *Damages.*— While upon a total breach of covenant a purchaser may generally recover the whole consideration money, where the breach is only partial he may recover *pro tanto* only, and where there is a failure of title to one of several tracts conveyed by the same deed, the vendee can recover the consideration paid for such particular tract. pp. 506, 509.

3. COVENANTS.—*Breach of Warranty.*—*Complaint.*—*Sufficiency.*— Where a deed contained two separate independent clauses of conveyance, the first of which warranted title and mentioned a consideration, and the second of which conveyed and quitclaimed with no consideration expressed therein, a complaint for a breach of the warranty, alleging that defendants, in consideration of the sum of money mentioned in the first clause, sold and conveyed the land described in such first clause, the title to which was defective, is sufficient, as against a demurrer, to overcome any possible presumption that the consideration expressed was intended as a consideration for all the land conveyed, and to present the question as one of fact for the jury. p. 507, 508.

4. DEEDS.—*Consideration.—Evidence.*—The consideration expressed in a deed is always subject to explanation, and when not correctly expressed, the true consideration may be alleged and proved. p. 508.

5. DEEDS.—*Execution of Deed to Correct Prior Deed.—Effect.*—A deed of correction relates back to the time of the original conveyance and takes the place of it, and the consideration of the first deed is the consideration for the subsequent deed. p. 509.

6. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer to Reply.*—Where a paragraph of reply amounted to no more than an argumentative denial, and the facts pleaded therein were admissible under the general denial, overruling a demurrer thereto was harmless. p. 509.

7. TRIAL.—*Pleadings.—Amendment to Conform to Proof.—Discretion of Court.*—By §§400, 403, 405 Burns 1908, §§391, 394, 396 R. S. 1881, the trial court has a very wide discretion in the matter of amendments of the pleadings to conform to the proof. p. 510.

8. APPEAL.—*Review.—Discretion of Court.—Amendment of Pleadings.*—Where the record shows no application by appellant for a continuance after the court permitted the amendment of the complaint to conform to the proof, and the evidence is not in the record, it cannot be said that permitting such amendment was an abuse of the court's discretion. p. 510.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by the Conrad-Kammerer Glue Company against Thomas Hanlon. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Alexander Dowling,* for appellant.

*Stotsenburg & Weathers* and *George H. Hester,* for appellee.

HOTTEL, P. J.—This was an action by appellee to recover damages for an alleged breach of a covenant of warranty contained in a deed executed by appellant and wife to appellee. The complaint is in a single paragraph, a demurrer to which was overruled. There was an answer in denial, and a special answer setting up that the deed mentioned in the complaint was executed without any consideration. To this answer, after a demurrer thereto had been overruled, the appellee filed a general denial and a special reply. A demurrer to the special reply was overruled. There was

trial by jury which resulted in a verdict for appellee. Judgment was rendered on the verdict and from such judgment this appeal is prosecuted.

The errors separately assigned and relied on present for our consideration the question of the sufficiency of the complaint, and the special reply to withstand the respective demurrers filed thereto, and the ruling of the court in permitting appellee to amend its complaint after the close of the evidence, by substituting the name of the Baltimore and Ohio Southwestern Railroad Company for the name, and in the place of the Baltimore and Ohio Southwestern Railway Company, as the true and paramount owner of the tract of land alleged to have been conveyed by the appellant to the appellee. Appellee insists, that such questions are

1. not presented because of the failure of appellant, in the preparation of his brief, to comply with Rule 22 of this court. We think such brief evidences a good faith effort to comply with said rule and that there has been such substantial compliance therewith as entitles appellant to a consideration of said questions.

It is urged against the sufficiency of the complaint, that the deed filed as an exhibit therewith shows that for the same consideration the appellant deeded two separate tracts of real estate; that the complaint alleges no defect of title as to the last tract described in such deed, and shows that appellee still retains such tract, and seeks to recover the entire consideration paid for both tracts. It is insisted in effect that the complaint should have alleged either an offer to reconvey such tract in which no defect of title is alleged, or that it should have alleged the value of each tract and asked a recovery for such proportion of the purchase money as the value of the tract in which the title failed bore to the value of the whole premises deeded. It is no doubt true as appellant contends "that while upon a total

2. breach of * * * covenant a purchaser may, as a general rule, recover the whole consideration money,

so where there is a partial breach he may recover *pro tanto.*"
Rawle, Covenants 85-87; 11 Cyc. 1159, 1163; *Hoot* v. *Spade*
(1863), 20 Ind. 326, 327; *Moorehead* v. *Davis* (1883), 92
Ind. 303, 306, and cases there cited; *Doyle* v. *Brundred*
(1899), 189 Pa. St. 113, 119, 120, 41 Atl. 1107; *Lloyd* v.
*Sandusky* (1903), 203 Ill. 621, 629, 68 N. E. 154. It is
said in 11 Cyc. 1163: "Where the breach is only as to an
aliquot and undivided part of the land attempted to be
conveyed the damages are in proportion to the whole con-
sideration paid, as that aliquot part of the land is to the
whole thereof."

The weakness of appellant's contention results from
3. his interpretation of the averments of the complaint
and the exhibit made part thereof rather than from
any misconception or misapplication of the law governing
in such cases. While it is true that the deed filed as an
exhibit with appellee's complaint shows a single considera-
tion and that two pieces of real estate are conveyed therein,
one of which is not mentioned in appellee's complaint, the
wording of this deed would indicate that the consideration
mentioned was for the first piece described therein alone, and
it is the piece described in appellee's complaint. The lan-
guage of the deed affecting the question under discussion is
as follows: "This Indenture, Witnesseth, That Thomas
Hanlon and  *  *  *  wife,  *  *  *  Convey and War-
rant unto  *  *  *  for the sum of  *  *  *  One Thou-
sand Dollars, the receipt of which is hereby acknowledged
the real estate in New Albany Township, Floyd County,
Indiana, described as follows, to wit:" Here follows a de-
scription of the tract described in appellee's complaint and
at the end of such description is a period. The deed then
proceeds with a second clause of conveyance as follows:
"And said grantors convey and quitclaim unto said grant-
ees the real estate in Floyd County, Indiana, bounded as
follows." Here follows a description of a second tract not
described or referred to in the complaint except by way of

reference to such exhibit. It will be observed that there are two separate independent clauses of conveyance in said deed, the first of which warrants title and contains a consideration of $1,000 and the second of which conveys and quitclaims with no consideration expressed therein. Conceding without deciding, that it should be presumed that the consideration expressed in the first clause of the deed though separate and independent of said second clause, was intended as an expression of the consideration for the entire tract conveyed by such deed, yet, such consideration is always subject to explanation, and when not correctly expressed in the deed, the true consideration may be alleged and proved. *Louisville, etc., R. Co.* v. *Renicker* (1893), 8 Ind. App. 404, 413, 35 N. E. 1047; *Cincinnati, etc., R. Co.* v. *McLain* (1897), 148 Ind. 188, 193, 44 N. E. 306; *Long* v. *Doxey* (1875), 50 Ind. 385; *Jeffersonville, etc., R. Co.* v. *Worland* (1875), 50 Ind. 339, 341; *Johnson* v. *Mc Nabb* (1893), 7 Ind. App. 393, 397, 34 N. E. 667; *Hanover Fire Ins. Co.* v. *Johnson* (1901), 26 Ind. App. 122, 131, 57 N. E. 277. Appellee in his complaint alleges that on April 9, 1908, appellant claimed to be the owner of the following described real estate in Floyd County, Indiana (here follows a description of the tract first described in said deed alone). The complaint then proceeds as follows: "On said 9th day of April, 1908, said defendants, by their deed of conveyance of that date, duly executed and delivered, in consideration of One Thousand Dollars paid by this plaintiff, sold and conveyed to this plaintiff the said above described real estate in Floyd County, Indiana." It will be observed that the complaint expressly avers that the consideration paid for the tract, the title to which is alleged to be defective, was $1,000. This averment was admitted by the demurrer to be true and the question which appellant attempts to raise on the complaint, is by its express averments, made a question of fact for the jury to determine under the evidence. Where there is a

failure of title to one of several tracts of land conveyed by the same deed, the vendor can recover the consideration paid for such particular tract. *Wright* v. *Nipple* (1883), 92 Ind. 310, 314; *Wood* v. *Bibbins* (1877), 58 Ind. 392, 396; *Wilson* v. *Peelle* (1881), 78 Ind. 384, 388; *Overhiser* v. *McCollister* (1857), 10 Ind. 41, 44; *Burton* v. *Reeds* (1863), 20 Ind. 87; *Lloyd* v. *Sandusky, supra.*

The reply alleged in brief that the appellant represented to appellee that he was the owner of the tract of land described in the complaint, (also described in such reply) and offered to sell the same to appellee for $1,000, in consideration of which sum appellant agreed to execute to appellee a warranty deed for such tract; that appellee accepted such offer and paid appellant the $1,000 in consideration of which the appellant executed a deed which is set out in reply. It is then averred that by such deed appellant intended to deed and include in the warranty therein the real estate before described being the same as that set out in the complaint and that which the appellant had undertaken to deed for said sum of $1,000; that by mutual mistake of the parties such deed covered only a part, etc., and that the deed mentioned in the complaint was made to correct said first deed.

These facts clearly show that the deed filed as an exhibit with the complaint was made to correct a previous deed by which it had been intended to deed the real estate described in the complaint, and that the consideration originally paid for such real estate was $1,000. A deed of correction relates back to the time of the original conveyance and takes the place of it. *Pittsburgh, etc., R. Co.* v. *Beck* (1899), 152 Ind. 421, 428, 53 N. E. 439. It follows that the consideration of the first deed was likewise the consideration for the last and that the facts set up in such reply, if necessary to be specially pleaded, were sufficient to avoid appellant's answer of no consideration. Of course, if proof of the facts so pleaded were admissible under the general denial and the reply amounted to

no more than an argumentative denial of the answer, no harm could have resulted from overruling the demurrer thereto.

Appellant also insists that the deed set out in the reply, like that filed with the complaint, shows but one consideration for the two tracts and urges against the reply the same objections urged against the complaint. The reply avers that the $1,000 consideration was in fact paid for the tract, the title to which is alleged to be defective, and what we have said in discussing the sufficiency of the complaint applies with equal force to this objection to the reply. It may be said with reference to the third error before

7.   indicated, that the statute gives the trial court a very wide discretion in the matter of amendments of the pleadings to conform to the proof. §§400, 403, 405 Burns 1908, §§391, 394, 396 R. S. 1881; *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 655, 70 N. E. 985; *Citizens St. R. Co.* v. *Heath* (1902), 29 Ind. App. 395, 399, 62 N. E. 107, and cases there cited; *Wood* v. *Bibbins, supra.* In view of the fact that the record shows no application by ap-

8.   pellant for a continuance after the amendment was made, and that the evidence is not in the record, there is nothing disclosed by the record from which this court can say that the trial court, in permitting such amendment, abused the discretion lodged in it by the sections of statute, *supra.* This conclusion is supported by the authorities just cited. We find no available error in the record.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 48. See, also, under (1) 2 Cyc. 1013; (3) 11 Cyc. 1140; (4) 17 Cyc. 653; (5) 13 Cyc. 572; (6) 31 Cyc. 358; (7) 31 Cyc. 450; (8) 3 Cyc. 327; 31 Cyc. 450. As to the measure of damages in actions for breach of covenant of warranty of title, see 24 Am. St. 266. As to admissibility of parol evidence to vary writing in respect to the consideration, see 56 Am. St. 664.