CLARK *v.* PEOPLES SAVING & LOAN ASSOCIATION
OF DEKALB COUNTY.

[No. 27,789.   Filed February 22, 1943.]

*Edgar W. Atkinson* and *Hugh G. Sanders,* of Auburn, for appellants.

*Henry C. Springer,* of Butler, and *Paul J. DeVault,* of Indianapolis, for appellee.

FANSLER, J.—The appellee is a building and loan association organized under the laws of this State. The appellants were its board of directors. In 1935 the Department of Financial Institutions of the State of Indiana discovered that the capital of the association was impaired to the extent of approximately $9,000. The department notified the board of directors that unless the impairment was repaired it would take over and liquidate the association. After discussions with the department, it was agreed that the defendant directors would contribute $9,000 to the capital of the association, and the directors all signed an affidavit that the $9,000 had been contributed and paid into the association. Relying upon this representation, the department permitted the association to continue in business, and it thereafter received deposits. The affidavit and the representation was false. The $9,000 was never paid. This is an action to collect the $9,000. There was judgment for the appellee.

Various errors are assigned which we need not notice in detail.

The complaint alleges all of the facts above set out, and all of those facts were proved and are not in dispute.

The appellants contend that: "The promise to pay, if made, was a promise to make a gift to appellee and was not binding unless and until executed by them." But the complaint does not declare upon a promise to pay. It declares upon a false and fraudulent representation that the appellants had

already made and executed a gift, if it was a gift, by which the capital structure of the association was augmented to the extent of $9,000, and this representation was acted upon by the Department of Financial Institutions representing the public. The association was permitted to continue receiving deposits from the public. This was a fraud upon the depositors. *Jewett, Receiver* v. *Herr et ux.* (1927), 86 Ind. App. 392, 156 N. E. 568.

It is contended that the complaint declares upon an oral contract, and that the banking department had no power to enter into such a contract; that it is ██ *ultra vires*. The banking department had authority to close the institution or to permit it to continue accepting deposits. It made the contribution of additional capital a condition to continuance. It was falsely and fraudulently represented to the department that the condition had been complied with.

The action of the banking department in permitting the association to continue operating was procured not by a promise to pay the $9,000, but by false and ██ fraudulent representation that the $9,000 had already been paid. There was no breach of a contract to pay. The complaint is denominated "complaint on contract." A *quasi* contract is a legal fiction invented by the common-law courts in order to permit a recovery by the contractual remedy of *assumpsit* in cases where, in fact, there is no contract, but where the circumstances are such that under the law of natural and immutable justice there should be a recovery as though there had been a promise. Under such circumstances, common-law courts have supplied the fiction of the promise in order to permit the remedy. Under our code, in which forms of action are abolished, no such fiction is necessary. In *State* v. *Mutual Life*

*Insurance Company of New York* (1910), 175 Ind. 59, 74, 93 N. E. 213, 219, the court quotes with approval from a New York case as follows: " 'There is a class of cases where the law prescribes the rights and liabilities of persons who have not in reality entered into any contract at all with one another, but between whom circumstances have arisen which make it just that one should have a right, and the other should be subject to a liability similar to the rights and liabilities in certain cases of express contract.' " In other words, where there is a wrong, the court will find a remedy. At common law it was required that the remedy be found in one of the known causes of action, and the courts were driven to fictitious assumptions in order to find an appropriate remedy. Under the facts stated in the complaint before us, it cannot be doubted that justice and equity require that the defendants pay that which they falsely represented to have been paid by them. The complaint states a good cause of action, but it is not upon an oral contract or a written contract. So far as it is necessary to define it, it is an action upon a *quasi* contract implied from the situation of the parties. 12 Am. Jur., § 6, p. 502; 17 C. J. S., Contracts, § 6, p. 322.

A demurrer was sustained to the defendants' fourth paragraph of answer, which alleged that the "impairment of capital of the Plaintiff Association had been and was fully paid by the Federal Deposit Insurance Corporation." This answer did not state a defense. *Cunningham et al.* v. *The Evansville and Terre Haute Railroad Company* (1885), 102 Ind. 478, 1 N. E. 800.

There were objections to the admission of certain exhibits consisting of correspondence relating to the

contribution of capital, the minutes of the directors' meeting showing the agreement of the directors to make the contribution, and the affidavit of the directors that the capital had been contributed. All of these exhibits were properly admitted in evidence.

Judgment affirmed.

NOTE.—Reported in 46 N. E. (2d) 681.