## BURRIS *v*. BUIKEMA.

[No. 19,705.  Filed December 9, 1964.  Rehearing denied
December 28, 1964.  Transfer denied September 26, 1966.]

*Hulbert & Marlatt,* of Gary, for appellant.

*William J. O'Connor,* of Hammond, for appellee.

RYAN, J.—This was an action for personal injuries allegedly sustained by the appellee when the automobile in which she was riding was in a collision with an automobile being driven by appellant.  Trial was had by a jury, and a verdict was rendered in favor of the appellee.  Appellant filed her motion for a new trial, which was overruled, and she now assigns as error the overruling of such motion for a new trial.

In the first part of her argument appellant argues under the assignment that the verdict was not sustained by sufficient

evidence and was contrary to law, primarily the question of proximate cause. It is axiomatic that on appeal this court views the evidence most favorable to the appellee, and it is only where the evidence leads us inescapably to a conclusion other than that reached by the jury that we will reverse. In the present case the evidence was in conflict, and viewing the evidence most favorable to the appellee, there was evidence from which the jury could have found as it did, and we are not led by such evidence to inescapably arrive at another conclusion. Under the state of the evidence the question of proximate cause was one for the jury. Wherever there is some reasonable doubt as to the proximate cause, it is a question for the jury, and only becomes a question for the court when the facts are plain and undisputed. Such contention of the appellant is without merit.

Appellant next argues that the court erred in overruling her motion for judgment on the answers of the jury to the interrogatories. Such motion was made after the general verdict was entered. In viewing such contention all reasonable presumptions, inferences and intendments are indulged in favor of the verdict in determining whether the court erred in overruling such motion. Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice § 1691, p. 329. Applying the rule to this case, we see no reason to reverse.

Appellant further contends that there was error in refusing to give, and also in giving, some of the instructions to the jury. However, it appears that the jury was fully and fairly instructed on the issues, and that no error was committed.

Judgment affirmed.

Carson, J., Clements, J.[1] and Cooper, J., concur.

NOTE.—Reported in 202 N. E. 2d 593.

---

1. While Judge Clements participated in the hearing of oral argument and a conference of the judges, and concurred in the result at the time of the conference, his untimely death occurred before the adoption of this opinion.