CATO ENTERPRISES, INC v. OSCAR FINE, ETC.

[No. 1269A229. Filed June 30, 1971.]

*F. Wesley Bowers, Fitzpatrick, Buthod, Bowers, Harrison & Kent,* of Evansville for appellant.

*Howard P. Trockman,* of Evansville, for appellee.

LOWDERMILK, J.—This is an appeal from an action to recover possession of certain real estate in Vanderburgh County and for damages for unlawful retention thereof; and also seeking to restrain the defendant-appellee from dismantling an asphalt plant located thereon and removing it and other equipment.

Defendant-appellee filed a second amended counterclaim in three paragraphs, seeking damages for reasonable value of parts and services in equipping and renovating an asphalt plant; the second paragraph was for reasonable value of asphalt delivered to appellant-plaintiff and the third paragraph was for damages for conversion of personal property. Appellant-plaintiff filed to each paragraph of the second amended counterclaim an answer of denial and admission and a second paragraph alleging full payment to defendant-appellee. Appellant-plaintiff also filed a set off to defendant-appellee's second amended counterclaim, asking a set off for rental of equipment, land and for furnishing of materials.

Appellee recovered on his second amended counterclaim and appellant perfected its appeal on the second amended counterclaim.

We are first confronted with the claims of the respective parties that neither gave a fair statement of the case, as revealed by the transcript. Appellee set forth in his brief his statement of the case and this statement is different from appellant's statement. This court does not have the right to weigh the evidence to determine which party has correctly set out the statement of the case. It is our duty to consider the evidence most favorable to the appellee and, therefore, we will relate the statement of the case following the statement of the appellee and what we understand it to be from the transcript of the evidence. *Burris* v. *Buikema* (1966), 139 Ind. App. 333, 202 N. E. 2d 593 (Tr. Denied September 26, 1966) ; *Plese* v. *Plese* (1970), 146 Ind. App. 545, 257 N. E. 2d 318, 321.

This cause was tried in the Warrick Circuit Court by a jury, which returned a verdict in favor of the plaintiff-appellant on its set off in the amount of $4,840 and a verdict for defendant-appellee on his second amended counterclaim in the amount of $23,713.63. The court entered a judgment on the finding, which judgment reads as follows:

"And come now again the parties on this, the 18th day of March, 1969, and the jury heretofore selected, and now the plaintiff introduces further evidence in rebuttal and rests. And now, the defendant and counter-claimant, Oscar Fine, moves the Court to amend paragraphs I, II and III of his Second Amended Counterclaim by interlineation in order to conform with the proof and evidence submitted at the trial. And the Court being duly advised in the premises now sustains said motion, over the objection of the plaintiff, and authorizes the defendant and counterclaimant to amend said Second Amended Counterclaim by interlineation.

"And now, at the conclusion of all of the evidence, plaintiff files a motion for a directed verdict and the Court being duly advised in the premises now overrules said motion. And now at the conclusion of all the evidence, the defendant, by his counsel, indicates that the defendant no longer seeks possession of the real estate described in plaintiff's complaint, there remaining only the issue of damages to be determined by the jury. And now the plaintiff, further, advises the Court that, with respect to its complaint, no issue of damages was presented by the evidence in respect to plaintiff's complaint for possession and that said request is hereby withdrawn. And now the plaintiff tenders plaintiff's Instructions numbered 1 through 10, inclusive, and the Court indicates that it will give plaintiff's Instructions numbered 3, 4, 5 and 7. And now the defendant tenders Instructions numbered 1 through 16, inclusive, and withdraws Instructions numbered 1, 2, 3, 9, 10, 12, 15 and 16, and the Court indicates that it will give of defendants Instructions Nos. 5, 6 and 14, and that the Court will give further its final Instructions numbered 1 through 5, inclusive. And now the plaintiff objects to the giving of each of the defendant's Instructions numbered 5, 6 and 14, and to the Court's final Instruction No. 2. And now, after final argument and the giving of instructions heretofore indicated by the Court, the jury retires to deliberate and, after due deliberation, the jury returns into open Court their verdict finding for the defendant on his Second Amended Counterclaim the sum of Twenty Three Thousand Seven Hundred Thirteen Dollars and Sixty Three Cents ($23,713.63) and further finding for the plaintiff on its set-off the sum of Four Thousand Eight Hundred Forty Dollars ($4,840.00) and now the Court discharges the jury.

"The jury having returned its verdict, the Court renders judgment thereon in accordance therewith.

"IT IS, THEREFORE, CONSIDERED AND ADJUDGED by the Court that the defendant, Oscar Fine, recover of and from the plaintiff, Cato Enterprises, Inc., on said defendant's Second Amended Counterclaim, the sum of Twenty Three Thousand Seven Hundred Thirteen Dollars and Sixty Three Cents ($23,713.63).

"IT IS FURTHER CONSIDERED AND ADJUDGED by the Court that the plaintiff, Cato Enterprises, Inc., recover of and from the defendant, Oscar Fine, on its set-off the sum of Four Thousand Eight Hundred Forty Dollars ($4,-840.00).

"IT IS FURTHER CONSIDERED AND ADJUDGED by the Court that the defendant, Oscar Fine, recover from the plaintiff, Cato Enterprises, Inc., in this cause of action the net sum of Eighteen Thousand Eight Hundred Seventy Three Dollars and Sixty Three Cents ($18,873.63), together with the costs in this action laid out and expended by said defendant and counter-claimant, Oscar Fine.

"IT IS FINALLY CONSIDERED AND ADJUDGED by the Court, in view of the withdrawal of the issues of possession of the real estate requested in plaintiff's complaint and damages, that plaintiff be and it is hereby entitled to possession of said real estate and that said plaintiff and the surety on its bond heretofore filed is hereby released and discharged on said undertaking. Said release and discharge of the plaintiff on said bond, however, shall not be deemed a release of said plaintiff from the payment of damages as returned by the jury and as evidenced by the judgment herein."

Appellant timely filed its motion for a new trial, which was by the court overruled.

The motion for new trial, omitting the memorandum covering the two specifications, namely, the verdict is not sustained by sufficient evidence and the verdict is contrary to law, is in the words and figures as follows, to-wit:

### "MOTION FOR NEW TRIAL

"The plaintiff, Cato Enterprises, Inc., moves the Court for a new trial herein upon each of the following separate or several grounds, to-wit:

"(1)   The verdict of the jury is not sustained by sufficient evidence. A memorandum is attached hereto specifically stating wherein the verdict of the jury is not sustained by sufficient evidence.

"(2)   The verdict of the jury is contrary to law. A memorandum is attached hereto specifically stating wherein the verdict of the jury is contrary to law.

"(3)   The Court erred in permitting the defendant, over the plaintiff's objections, to amend paragraph one of his second amended counterclaim after both parties had rested and all the evidence had been presented.

"(4)   Error of law occurring in the trial as follows:

"(a)   The Court erred in giving to the jury, at the request of the defendant, each of the defendant's instructions numbered 5, 6, and 14, and to the giving of each of which instructions the plaintiff objected within the proper time after the Court had indicated the instructions it would give to the jury.

"(b)   The Court erred in giving to the jury on the Court's own motion the Court's instruction number 2, and to the giving of which instruction the plaintiff objected within the proper time after the Court had indicated the instruction it would give to the jury.

"(c)   The Court erred in refusing to give to the jury at the request of the plaintiff each of the written instructions tendered and requested by the plaintiff and numbered one (1), two (2), six (6), eight (8), nine (9) and ten (10).

"(5)   Error in the assessment of the amount of recovery, in this, that the amount is too large."

Appellant's assignment of errors is as follows, to-wit: "(1) The court erred in overruling appellant's motion for a new trial."

The facts relative to the issues presented are as follows:

In early 1963, Cato operated the Sunset Drive-In Theater and was desirous of getting the grounds blacktopped, and asked Fine to set up an asphalt plant on Cato's property adjoining the drive-in theater. Fine did not own an asphalt plant or paver. Cato did not have equipment for the laying

of asphalt. Fine owned trucks, rollers and graders which he agreed to employ on the job. The parties found a dismantled plant in not too good condition in Kentucky, which they thought could be made to operate. Cato purchased the used plant for $10,450; a used paver for $3,600; a used pay loader for $3,000; in all, $17,050. Cato agreed to pay for the parts and equipment and Fine agreed to install them in the asphalt plant.

Under the terms of their agreement Fine would occupy, rent free, approximately one acre of Cato's ground and be permitted to use the plant and facilities during the week for his own asphalt paving enterprises. Fine agreed that on week ends he would operate the plant, to furnish his own laborers and to blacktop the access roads and elevated parking ramps for the theater, which theater accommodated approximately 1,000 automobiles.

The parties agreed that the cost per ton of asphalt was approximately $4.00 per ton, exclusive of labor and equipment charges. It was agreed that for every ton of asphalt produced in the plant and removed from the premises Fine would pay to Cato $4.00 per ton for the cost of materials, which materials were to be supplied by Cato, and in addition, $1.50 per ton which Cato was to apply on the purchase price by Fine of the asphalt plant from Cato.

Fine devoted his personal time to setting up the plant on Cato's premises and readying it for operation during the full month of June, 1963. He purchased parts for which he was not reimbursed and put them into the asphalt plant to make it operate; he hired an electrician and other laborers at his own expense and converted the asphalt plant from a gasoline fired motor to electric motors, totalling approximately $25,000.00.

Fine spent from fifteen to twenty hours a week of his own time preparing the asphalt plant to keep it running. Fine was not reimbursed and Cato did not credit the pur-

chase price for any of these expenditures of time and money in rehabilitating the plant.

Commencing in September, 1965, all materials costs were billed directly to Fine.

Fine applied asphalt to the drive-in theater and sold asphalt from the plant in his own business. He was not paid for 265 tons applied to the theater after September, 1965.

In September, 1966, a dispute arose between the parties and the litigation was commenced. The plant at that time was valued by Cato at $25,000 and by Fine at $35,000.

When Fine was removed from the Sunset premises by court order he could not move any of his property. This order was later lifted, but he did leave materials and equipment of the value of $1,818.00.

After the close of the evidence Fine moved to amend his second amended counterclaim by interlineation to make the pleadings conform to the proof. Cato timely objected on the grounds that Fine was adding a new theory of recovery which substantially prejudiced Cato.

This objection is specification 3 of appellant's motion for a new trial.

Fine contends that there has been no change in this theory of recovery since the filing of his original second amended counterclaim.[1]

Cato contends that until the court permitted appellee to amend paragraph one of his counterclaim the only issue was the services of defendant-appellee, whether he was to be

---

1. Cato had demurred to Fine's first amended counterclaim setting forth the reason that it was unenforceable under the statute of frauds. The demurrer was sustained. Fine filed his second amended counterclaim which sought recovery for the reasonable value of the services and expenses rendered to Cato by Fine under the unenforceable oral agreement, or, in other words, on a *quantum meruit*.

Cato filed his set-off to Fine's counterclaim which set-off also sought recovery on a *quantum meruit*. Both parties introduced evidence at the trial without objection regarding the value of materials and services rendered to one another to support their respective claims on a *quantum meruit*.

paid or not, and, if so, the amount thereof and whether or not it was, in fact, paid. Cato further contends that after the close of all the evidence the court permitted the defendant-appellee, over plaintiff-appellant's objections, to amend paragraph one of the second amended counterclaim to include a claim for unjust enrichment, for money and materials allegedly furnished the plaintiff by the defendant. Appellant contends the amendment injected a new issue in the case and it resulted in two separate causes of action being stated in the same pleading paragraph. It further contends that it never had an opportunity to move to strike, separate, make more specific, demur or answer, nor be prepared with proper instructions on the issue of unjust enrichment.

We believe that to adequately treat appellant's objection to the amendment to the second amended counterclaim, he should at least paraphrase the second amended counterclaim and the interlineation.

The second amended counterclaim was in three paragraphs, the first of which asked for damages for the reasonable value of parts and services in equipping and renovating an asphalt plant; the second of which requested the reasonable value of asphalt delivered to appellant and the third legal paragraph of which was for damages for conversion of personal property.

Appellee amended the second amended counterclaim by interlineation with the consent of the court at the conclusion of the trial to make the pleadings conform to the proof by inserting therein and adding thereto that, pursuant to the said agreement, Fine incurred and paid expenses for parts, labor and equipment actually incorporated into said asphalt plant and for which he had not been reimbursed; that Fine himself had expended countless hours in assisting Cato in equipping, establishing, renovating and overhauling said plant and setting out to each of the above allegations the amount he claims due appellee.

Appellee further, by amending by interlineation, alleged that Fine had paid Cato money and provided materials in the sum of $8,653, which Cato wrongfully retains and was unjustly enriched thereby. It is further alleged by interlineation that the reasonable value of services in equipping, establishing, renovating and overhauling said plant and payments made by Fine to Cato in addition to the materials provided by Cato was in the sum of $24,927.24.

Appellant admits the matter of amendment of pleadings is largely within the discretion of the trial court, but contends it is an abuse of discretion to permit an amendment where it will be a substantial prejudice of rights. To support its contention it cites *General Outdoor Advertising Co.* v. *La-Salle Realty Corp.* (1966), 141 Ind. App. 247, 218 N. E. 2d 141.

In the above cited case the facts were that a suit had been brought on a contract for the recovery of damages for injuries to appellee's building alleged to have been caused by appellant's sign. In the trial of the cause appellee proceeded on the theory of negligence and proceeded to introduce evidence on the theory of negligence. Appellant, without objection, introduced its evidence on the theory of negligence. This court, after stating that the trial court overruled appellant's motion for a judgment at the close of appellee's evidence, said:

" * * * In reviewing the record, we found no pertinent objections to the introduction of any of the appellee's evidence. In addition, all the evidence submitted by the appellant, after the denial of its motion, can only be construed as bearing on the issue of negligence."

The court discussed the matter of amending pleadings to conform to the proof, and at the conclusion of which the court stated:

"As previously discussed we have found nothing to inhibit a lower court from allowing an amendment to change the pleadings to conform to the evidence as long as a party

is not deprived of any substantial rights. In the facts at bar the evidence on negligence was introduced without pertinent objections by the appellant. Although the appellant in its motion for a judgment raised the issue of variance, the court could have allowed an amendment at that time. *Levy, supra; Burr, supra.* The appellant did not claim surprise or any lack of ability to meet the issue, or request a continuance. In fact the appellant continued and submitted its own evidence on the question of negligence. At the very least, the issue of negligence was tried with the appellant's implied consent. Consequently, we hold that the lower court might properly have allowed an amendment after the trial to conform the pleadings to the evidence, regardless of the fact that a change in the theory of the complaint might have resulted. Such an amendment would not have deprived the appellant of any substantial rights. * * * "

This cause was tried prior to the adoption of the new Supreme Court Rules when Burns' Rev. Stat. § 2-1063 was in full force and effect. However, this statute has been repealed by the new Supreme Court Rules effective January 1, 1970.

This statute read as follows:

"2-1063 [418]. Variance, when immaterial-Procedure when party mislead.—No variance, between the allegations in a pleading and the proof, is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled, and, thereupon, the court may order the pleading to be amended on such terms as may be just."

The new Rule, which is Trial Rule 15, Amended and Supplemental Pleadings (B) is as follows:

"(B) Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to

cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Appellant claims also that there was an additional cause of action stated in one pleading paragraph based on new allegations of unjust enrichment, on which the issues had not been formed and tried. It contends further that its substantial rights were affected by the amendment and that it was never given an opportunity to plead in any way on the cause of action based on unjust enrichment on money had or received.

Since "unjust enrichment" is but the equitable reason for requiring payment for the value of goods and services received, inasmuch as the appellee presented his evidence in the trial of this cause on the theory of *quantum meruit* on the issues raised by his second amended counterclaim and inasmuch as the evidence adduced at the trial was not objected to by appellant, who, in turn, introduced evidence on the theory of *quantum meruit,* we are constrained to hold that there was no additional cause stated in one pleading paragraph based on new allegations, but even had there been, appellant waived its right to object or to complain at this time. In our opinion, appellant's substantial rights were not affected or impaired.

Appellant's contention that it had no opportunity to plead after the amending of the counterclaim by interlineation and that there was a claim of an unjust enrichment on money had or received and that it never had an opportunity to move

to strike, separate, make more specific, demur or answer, nor be prepared with proper instructions on the issue of unjust enrichment is untenable for the reason that the record shows no application was made by appellant for an opportunity to save its record by asking for a continuance or by asking authority to file any pleadings to the second amended counterclaim as amended by interlineation, or for time in which to prepare additional instructions to tender to the court for submission to the jury.

In *Hanlon* v. *Conrad-Kammerer Glue Co.* (1913), 53 Ind. App. 504, 510, 102 N. E. 48, which is a landmark case, the court said:

> " * * * In view of the fact that the record shows no application by appellant for a continuance after the amendment was made, and that the evidence is not in the record, there is nothing disclosed by the record from which this court can say that the trial court, in permitting such amendment, abused the discretion lodged in it by the sections of statute, *supra.*"

The appellant next presents for consideration its fourth specification of error, which is presented in three parts. Specification 4(a) of the motion for a new trial was the contention that defendant's Instructions 5, 6, and 14 should not have been given to the jury. The appellant objects to Instruction No. 6 for the very same reasons that it objects to Instruction No. 5 and we will treat the two instructions together. Instructions 5 and 6, as they were given to the jury, are as follows:

> "Instruction No. 5. It is the general principle, underlying various legal doctrines and remedies, that one person should not be permitted to unjustly enrich himself at the expense of another, but should be required to make restitution for property or benefits received, retained or appropriated, where it is just and equitable that such restitution be made. This principle of unjust enrichment allowing a recovery for the value of property and services given and rendered to another arises not only where an expenditure by one person adds to the property of another, but also where the

labor, services and materials furnished saves the other from expenses or loss. This principle applies even though the parties have not entered into a written contract."

"Instruction No. 6. The rule permitting recovery for unjust enrichment applies with equal force, even though the party or person furnishing services and property only partially performed the obligations and duties which he was engaged to complete, if such services and materials furnished were of benefit to or accepted by the other party. This rule is particularly well settled where complete performance has been prevented by the other party."

The appellant's objections to these two instructions are as follows:

"Plaintiff objects to the giving of Defendant's Instruction No. 5 for the reason that the said instruction is a mere abstract proposition of law without explanation, or qualification, and is not directed to any issues in the case. For the further reason that it is repetitious, the Court having given an instruction of its own on unjust enrichment. The plaintiff further objects to the giving of Instruction No. 5 for the reason that the Court does not instruct the Jury as to apply any evidence, if any, to the abstract proposition of law.

"The plaintiff further objects to Instruction No. 5 for the reason that it is based upon the amendment by interlineation of pleading paragraph No. 1 of plaintiff's second amended counterclaim which amendment was made after the defendant had rested and which amendment permitted an interjection of a new cause of action and permitted paragraph one of the second amended counter-claim to be amended to provide for two causes of action in one pleading paragraph to-wit, being one for working labor and the other for money he (sic) had and received. And the plaintiff never had the opportunity to plead to the request for the return of the money nor to the theory of money he (sic) had and received.

"Plaintiff objects to the giving of defendant's instruction No. 6 for the reasons given in its objections to Instruction No. 5."

An instruction which is an abstract proposition of the law is not erroneous if it is a correct statement of the law. It

is our opinion that the two instructions complained of were an abstract proposition as to unjust enrichment; that they were correct statements of the law and did not do prejudice to the appellant. The appellant has failed to establish that the instructions were incorrect statements and they will not now be disturbed.

In the case of *Neuwelt* v. *Roush* (1949), 119 Ind. App. 481, 85 N. E. 2d 506, this court held that:

" . . . It might also be pointed out that the giving of instructions stating mere abstract rules of law is not available error where they correctly state the law with reference to an issue involved. *Grand Rapid & I. R. Co.* v. *Jacqua*, 1917, 66 Ind. App. 113, 115 N. E. 73; *Connor* v. *Jones*, 1945, 115 Ind. App. 660, 59 N. E. 2d 577, 60 N. E 2d 534"

Also, in *Connor* v. *Jones* (1945), 115 Ind. App. 660, 59 N. E. 2d 577, it was stated that:

" . . . He contends that it was error to refuse each of these instructions because those given on the same subject, while accurate, are mere statements of abstract principles of law with no specific application to the particular facts in the case. We agree that 'the purpose of instructing jurors is to advise them of the particular question which they are to decide and to inform them how to apply the law to the concrete facts of the case.' *Snyder* v. *Stanley* (1922), 77 Ind. App. 253, 133 N. E. 512. See also *City of Chicago* v. *O'Malley* (1902), 196 Ill. 197, 63 N. E. 652. We further believe *the practice of giving instructions which state mere abstract propositions of law without specific application is of little value to a jury* and is not to be approved, *though the error is harmless if the abstract proposition set out in the instruction is a correct statement of the law....*" [Our emphasis.]

These instructions, in our opinion, did not prejudice the jury and did not constitute reversible error, inasmuch as they were correct statements of the law.

The appellant fails to tender any argument showing said instructions were repetitious and if there had been repetition appellant fails to show how and in what manner repetition

constituted harm or prejudice to it. Instruction No. 5 deals with the law of *quantum meruit* as to unjust enrichment, while Instruction No. 6 sets out the law where there has been partial performance by the party rendering the service after complete performance was prevented by the other party. These two instructions, in our opinion, are not repetitious. The mere assertion that the appellant has been harmed without setting out how or in what respect he has been harmed or prejudiced by a repetitious instruction is not sufficient grounds on which reversible error can be predictated.

The appellant next argues that the instructions were not applicable to the evidence. With this we cannot agree, because the pleadings and the evidence are supportive of the issues of *quantum meruit* which were properly covered by the instructions given.

Finally, the appellant objects to Instructions 5 and 6 for the reason that the instructions were based upon the amendment by interlineation of appellee's second amended counter-claim, which appellant alleges interjected a new cause of action. This contention is untenable for the reasons heretofore set out in this opinion.

Inasmuch as specifications 1 and 2 of the motion for new trial, the giving of the court's final Instruction No. 2, the giving of defendant's Instruction No. 14, plaintiff's tendered Instruction No. 9, and specification 5 of the motion for new trial raise related issues, they will be grouped and dealt with together.

Specification 1 of the motion for new trial is as follows:

"(1)    The verdict of the jury is not sustained by sufficient evidence. . . ."

Specification 2 of the motion for new trial is as follows:

"(2)    The verdict of the jury is contrary to law . . ."

The court's final Instruction No. 2 is as follows:

"The defendant herein, Oscar Fine, doing business under the name and style of Tri-State Asphalt Co. has filed his second

amended counter-claim in three paragraphs. Paragraph one alleges that pursuant to the agreement between the plaintiff and the defendant, the defendant Fine set up the asphalt plant on the plaintiff, Cato Enterprises, Inc.'s land and the defendant (sic) agreed to pay the reasonable value of the defendant Fine's services. If you find from a fair preponderance of the evidence that this was their agreement, and that the defendant Fine did incur expenses for parts, labor and equipment actually incorporated into the asphalt plant and you further find that the defendant Fine did perform these services for the plaintiff, and that the plaintiff agreed to pay for said service, parts, labor and equipment and you further find that the plaintiff, Cato Enterprises, Inc. failed to pay as agreed, then you should find for the defendant, Oscar Fine on paragraph one of the second amended counter-claim in the amount that you find, under the evidence, to be due the defendant for parts, labor and equipment going into the asphalt plant for its renovation.

"The defendant further contends that he is entitled to recover for the payments made to the plaintiff on the purchase of the equipment. If you find that the defendant was wrongfully dispossessed by the plaintiff and you find that the plaintiff would be unjustly enriched by the retention of this amount paid, if you find that any amount was paid, then the defendant may recover that amount under this paragraph of counter-claim."

Plaintiff's objection was as follows:

"First, the first paragraph of said Instruction No. 2 does not set forth that if the Jury should find that Cato Enterprises, Inc. performed as it had agreed to perform, then judgment should be for the plaintiff. Further, the plaintiff objects to Instruction #2, the final instruction of the Court, —Strike that—final Instruction #2 of the Court for the reason that the second paragraph of such instruction is based upon the amendment made by the defendant to his first paragraph of second amended counter-claim made after the defendant had rested; that such instruction permits the Jury to consider matters which had never been presented in the evidence, or presented by the issues of the complaint; that it permits the Jury to find for the defendant on account of money had and received and on the theory of unjust enrichment, when in fact the defendant had never proceeded on the theory of unjust enrichment in his com-

plaint as originally amended, nor had he proceeded on the theory of money had and received.

"The Court instructed the Jury and states that it is entitled to recover from the evidence—Strike that. For the further reason that the Court instructs the Jury that if it finds that the defendant was wrongfully dispossessed by the plaintiff, and that the plaintiff would be unjustly enriched by the retention of the amount paid, if any amount was paid, then the defendant may recover under this paragraph of counterclaim for the reason that there is no evidence that the defendant was wrongfully dispossessed. For the reason that the Court was instructed to find from the evidence and not a preponderance of the evidence as to the facts."

Defendant's Instruction No. 14 was as follows:

"Where a party has partially performed a contract on his side and the other party renounces the contract in the course of performance; or where such other party prevents or makes further performance impossible, the party injured thereby may recover the reasonable value of the money and services paid by him to the rescinding party. Accordingly, if you find from the evidence that the plaintiff, Cato Enterprises, Inc., prevented the defendant and counterclaimant, Oscar Fine, from further performing their agreement, and if you further find that the plaintiff, Cato Enterprises, accepted and retained certain benefits in the form of monetary expenditures, materials and services, then you are instructed to find for the defendant, Oscar Fine, on his counterclaim and award to him the fair and reasonable value of such benefits unjustly retained by plaintiff."

Plaintiff's objection to said Instruction No. 14 was as follows:

"The plaintiff objects to the giving of Defendant's Instruction #14 for the reason that said instruction did not properly state the law in that such instruction does not provide that any recovery by the defendant, which might be found by the jury, would be limited to the price or to the terms of the contract to be performed by the plaintiff for the services of the defendant."

Plaintiff's tendered Instruction No. 9 was as follows:

"If you find from a fair preponderance of the evidence that the plaintiff and the defendant entered into an oral agree-

ment, under which the defendant was to perform certain services and work for the plaintiff, and that the plaintiff was to furnish certain facilities and services to the defendant, and if you further find that the plaintiff did furnish the facilities and services agreed upon, then your verdict should be for the plaintiff and against the defendant upon the first and second paragraphs of the defendant's second amended counterclaim."

Specification 5 of the motion for new trial is as follows:

"(5)   Error in the assessment of the amount of recovery, in this, that the amount is too large."

In regard to appellant's specifications 1 and 2 of motion for a new trial, the appellant presents the argument that the debts and obligations that were owed from one party to another were those of appellee; and thus the verdict of the jury was contrary to law and based on insufficient evidence. With this contention we cannot agree. In 1966, the appellant disavowed the agreement when it expelled Fine from the premises. When appellee Fine attempted to set out the oral agreement by way of his first amended counterclaim to appellant's complaint, appellant successfully avoided the agreement by filing a demurrer on the basis of the Statute of Frauds.

Since appellant successfully disavowed the oral contract it cannot now use the terms of that unenforceable agreement to attack Fine's claim for labor and expenses incurred in the rehabilitation of the asphalt plant.

The appellant further argues that it was not obligated to pay for the rehabilitation of the asphalt plant.

The appellant further argues that it was not obligated to pay for the rehabilitation of the asphalt plant and that it was contrary to law for the court to imply the existence of same. In the case of *Arnold* v. *Stephenson* (1881), 79 Ind. 126, our Supreme Court held:

" 'When so much of a contract as would bring it within the Statute of Frauds has been executed, all the remaining stipulations become valid and enforceable, and the parties

to the contract regain all the rights of action they would have had at common law.' Browne Statute of Frauds, sec. 117.

"It is now well settled law, that the statute of frauds can not be made the means of perpetrating a fraud. The complaint states a case within this rule. The appellant parted with a substantial interest in property upon the faith of the appellee's promises and representations; the latter has received all the consideration he asked, or expected, for his promise. The statute ought not to be allowed to enable him to secure the benefit without yielding the agreed consideration."

Even though the oral contract itself, because of the Statute of Frauds, cannot be proved there can, nevertheless, be shown an implied promise to pay for services rendered on a verbal contract when circumstances are so justified.

The principle upon which this is done is that doctrine of law which is known as quasi or contructive contracts. In the case of *Koehring Co.* v. *National Automatic Tool Co.*, 257 Fed. Supp. 282 (1966), the court held:

". . . We agree that NATCO committed no tort; nevertheless, it obtained the benefit of its employees' unwarranted use of the HPM materials. We believe that, under all the facts, Indiana would imply a quasi contract for unjust enrichment, requiring the defendant to pay just compensation for the use of the materials. *Clark* v. *Peoples Sav. & Loan Ass'n*, 221 Ind. 168, 46 N.E. 2d 681, 144 A.L.R. 1495 (1943)."

This doctrine of quasi contracts was expounded on in greater detail in *Bd. of Com. of Decatur Co.* v. *Greensburg Times* (1939), 215 Ind. 471, 19 N. E. 2d 459:

"The principle upon which this appellee is entitled to recover is known in law as the doctrine of quasi or constructive contracts. Quasi contracts are a class of obligations which are imposed or created by law without regard to the assent of the party bound. They rest solely on a legal fiction and are not contracts at all in the true sense, for there is no agreement. They arise from law or natural equity and are clothed with the semblance of contracts merely for the purposes of the remedy. Among the instances out of which

quasi or constructive contracts may arise are those where there is a legal duty to pay, independent of any contract relationship, coupled with a consideration moving to the party sought to be charged. The law of quasi contracts is exhaustibly considered in 12 Am. Jur., p. 502, *et seq.*, where many authorities to sustain it are grouped and cited." See, also, *Clark* v. *Peoples Savings & Loan Assn.* (1943), 221 Ind. 168, 46 N. E. 2d 681.

Specification number 1 of appellant's motion for a new trial alleges that the verdict was determined on insufficient evidence. It is so elementary that this court will not weigh the evidence on appeal that it needs no citation of authority and, further, that all reasonable inferences will be drawn in favor of the appellee. The record discloses many facts that would support the sufficiency of the evidence which led to the verdict of the jury. The record reveals that Fine had paid over $7,000 to Cato for the purchase of the asphalt plant and when Cato prohibited Fine from entering the premises, Fine was forced to leave behind over $1,800 in materials that he had purchased. At the time that appellee Fine was ordered to vacate the premises the record shows that he had expended $7,274.24 of his own money to rehabilitate the plant so that it would be in good working condition and the value placed on the care, maintenance and time spent for the rehabilitation was $9,000.

Thus, there was ample testimony that was supported by exhibits of cash tickets and cancelled checks that, in our opinion, constituted sufficient evidence for the jury to find as it did. We find no reason to disturb the verdict of the jury for insufficient evidence.

Specification number 2 of appellant's motion for a new trial is that the verdict is contrary to law. It is only when reasonable men could come to but one conclusion under the evidence and the jury has arrived at a contrary conclusion or verdict that the verdict is contrary to law. See, *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

Certainly, there is evidence in this record that reasonable minds would necessarily differ on.

The appellant also objects to the court's Instruction No. 2 for the reason that it did not contain any element of payment by services and materials or by performance of plaintiff's undertakings. The appellant contends that this omission was an essential element of the mandatory instruction which could not be cured by other instructions.

A mandatory instruction has been held to be when an instruction assumes to set out all the elements essential to a recovery and directs the jury to find for the plaintiff. When this happens *all* the elements for recovery must be set out or it is an erroneous instruction that cannot be cured by another instruction which is given. See: *Cochran* v. *Wimmer* (1949), 118 Ind. App. 684, 81 N. E. 2d 790; *Nepsha, et al.* v. *Wozniak* (1950), 120 Ind. App. 362, 92 N. E. 2d 734.

In the recent case of *Perry* v. *Goss* (1970), 253 Ind. 603, 255 N. E. 2d 923, Judge Arterburn defined a mandatory instruction as follows:

". . . A mandatory instruction is one in which there is an attempt to set out certain facts upon which the jury is directed to reach a certain result. Although mandatory instructions are not necessarily bad, we look with disfavor upon their use because of the risk involved in making a statement of the evidentiary facts under which the law would mandate a certain result. *White* v. *Evansville American Legion Home Association* (1965), 247 Ind. 69, 210 N.E. 2d 845. Instructions which are mandatory in character, which attempt to set up a factual situation directing the jury to a certain result, are to be distinguished from instructions which merely state propositions of law without incorporating a factual situation, as for example telling the jury that if contributory negligence exists the plan is not entitled to recover. In the latter case the court is merely stating propositions of law not based upon a detailed factual situation. In order to properly instruct a jury it is necessary that the court state general propositions of law and their application to the case. Instruction No. 5 before us does not set up a detailed factual situation and

then instruct the jury they must come to a certain result either for or against the plaintiff. Instruction No. 5 in fact attempts to state a proposition of law which is applicable when contributory negligence appears in the picture. This instruction has the general characteristics of ordinary instructions given by the court based upon legal principles. In our opinion this instruction is not to be condemned on the ground that it falls within the category known as mandatory instructions which attempt to set out detailed factual situations."

We do not believe that any essential element of the instruction complained of was omitted, thus causing reversible error. The court's Instruction No. 2 was limited to Paragraph 1 of defendant's second amended counterclaim. Paragraph 1 of the second amended counterclaim was setting forth the agreement between the two parties as is contended by the defendant. This is all that the Paragraph deals with and it is on this Paragraph that the court based its instruction No. 2. Nowhere in the paragraph of the amended counterclaim does the defendant mention anything about the recovery of the plaintiff based on services and materials. Naturally, then, this element will not, and need not, appear in the instruction and thus, nothing was left out of the instruction. All the law applicable to the case need not be stated in the same instruction. Payment is a defense and was available to plaintiff here. Plaintiff was further entitled to an instruction upon such theory of defense, but such was not essential to the court's Instruction No. 2.

Appellant further contends that this instruction did not inform the jury that before the appellee could recover on his counterclaim he must prove the material allegations by a preponderance of the evidence. This instruction does advise that certain necessary elements must be found by a preponderance of the evidence before appellee is entitled to recover on his counterclaim. It is our opinion that every essential element is in the instruction that is alleged in the Paragraph of the counterclaim on which the instruction was given.

The plaintiff further contends that Instruction No. 2 erroneously refers to wrongful dispossession of the defendant, Fine,

because there was no evidence of wrongful dispossession and that the court withdrew this issue by its final Instruction No. 1. Thus, plaintiff claimed this instruction is inconsistent and misleading. We disagree, because the gist of the second paragraph of the court's Instruction No. 2 concerns retention of amounts paid by Fine on the purchase of the asphalt plant. Whether the dispossession was wrongful or not is of no consequence, because the jury is instructed to place the parties in the status quo and the dispossession can have no effect on the award, since no damages were claimed therefor. We must, in deciding whether an instruction is erroneous, view the instruction as a whole with all of the other instructions to determine whether the appealing party has been prejudiced. *Merriman* v. *Kraft* (1969), 253 Ind. 58, 249 N. E. 2d 485. We, therefore, find that Instruction No. 2 is not cause for reversal.

This brings us to plaintiff's Instruction No. 9 which the plaintiff contends the court erroneously refused to give. Instruction No. 9 is set out as follows:

"If you find from a fair preponderance of the evidence that the plaintiff and the defendant entered into an oral agreement, under which the defendant was to perform certain services and work for the plaintiff, and that the plaintiff was to furnish certain facilities and services to the defendant, and if you further find that the plaintiff did furnish the facilities and services agreed upon, then your verdict should be for the plaintiff and against the defendant upon the first and second paragraphs of the defendant's second amended counterclaim."

The plaintiff claims that by failing to give this instruction the court ignored the law that the value of services of the defendant had been determined by the parties and had been paid for by the plaintiff through his rendition of services. While it is true that this instruction contains this element we, nevertheless, find it present in plaintiff's Instruction No. 3 which was given. Instruction No. 3 is as follows:

"If you find from a fair preponderance of the evidence that the plaintiff, Cato Enterprises, Inc., furnished to the defendant, Oscar Fine, doing business under the name and style of Tri-State Asphalt Co., an asphalt plant and related equipment and land on which to operate the same under the terms of an oral agreement and if you find that the plaintiff paid for labor and materials for asphalt applied to the Sunset Drive-In Theatre grounds and did not, at the commencement of the action owe the defendant, Oscar Fine, doing business under the name and style of Tri-State Asphalt Co., any money, then your verdict should be for the plaintiff, Cato Enterprises, Inc., and against the defendant, Oscar Fine, doing business under the name and style of Tri-State Asphalt Co., on the first and second paragraphs of the second amended counterclaim of the defendant."

Where an instruction that is not given is substantially covered by an instruction that is given there is no error. As is said in I.L.E. *Trial* § 247 "It is a well-settled rule in Indiana that the trial court may properly refuse requested instructions on any or all phases of the case, although the requested instructions announce correct rules of law, where the propositions therein stated, as far as applicable to the facts of the case, are covered by other given instruction adequately, sufficiently, or fully, or where the substance of the instruction is included in the instructions given, * * *."

The last instruction that the appellant complains of is that of defendant's Instruction No. 14, which has been set out earlier in this opinion. The appellant argues that the instruction does not provide that any recovery by the defendant, which might be found by the jury, would be limited to the price or to the terms of the contract to be performed by the plaintiff for the services of the defendant.

This is an action based on *quantum meruit* and the recovery cannot be predicated upon the terms of the contract, but rather, must be based upon the value of services rendered and that is exactly what Instruction No. 14 did. This instruction, therefore, is not erroneous. In the case of *Hensley, Admr.*

v. *Hilton* (1921), 191 Ind. 309, 131 N. E. 38, the Supreme Court held that:

> "The contract sued on in this case is one falling within the statute of frauds and no action can be maintained upon it, and where services have been performed as shown in this case in consideration of the promises made by decedent in the contract alleged the plaintiff *is entitled to recover the Value of his services,* not pursuant to the terms of the contract, but on the *quantum meruit and in such case the value of the services performed, and not the value of the property agreed to be conveyed, is the measure of damages. Wallace, Admr.,* v. *Long* (1886), 105 Ind. 522, 5 N.E. 666, 55 Am. Rep. 222." (Our emphasis.)  See, also: *Flowers* v. *Poorman* (1909), 43 Ind. App. 528, 87 N.E. 1107; *Baxter* v. *Kitch* (1871), 37 Ind. 554; *Ewing* v. *Thompson,* 66 Pa. 382; *Fuller* v. *Reed,* 38 Cal. 99.

The trial court did not err by not limiting the recovery to the terms of the contract but rightfully instructed the jury to base their recovery on the value of services rendered. Besides, there is nothing in the record that even indicates that there was a definite contract price in the first place. The appellant takes further exception to defendant's Instruction No. 14, for the fact that it did not contain any element of payment by services and materials. Once again, the plaintiff is complaining of an instruction that it itself cured by tendering its own Instruction No. 3, as is set out earlier in this opinion.

Finally, the appellant, in its fifth specification for a new trial, argues that the amount of the recovery is excessive. Our Supreme Court has held, in *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 414, 61 N. E. 936, that a verdict will not be set aside as excessive where there is nothing to show that the jury was influenced by improper considerations or that they misunderstood or misapplied the evidence. In the more recent case of *Kampo Transit, Inc.* v. *Powers* (1965), 138 Ind. App. 141, 211 N. E. 2d 781, this court said:

> ". . . It is a well settled established principle of law announced by our courts of appeal that in order for damages

to be considered excessive it must appear that the damages assessed were so grossly and outrageously excessive as to induce the belief that they were the result of prejudice, partiality or corruption. *Chicago and Calumet District Transit Company* v. *Stravatzakes* (1959), 129 Ind. App. 337, 156 N.E. (2d) 902."

After a careful review of the evidence, we are of the opinion that there was sufficient evidence upon which the jury rendered its verdict, which damages were not the result of prejudice, partiality or corruption.

Finding no reversible error, the cause is hereby affirmed.

Sullivan, P.J., Buchanan and Robertson, JJ., concur.
cur.

NOTE.—Reported in 271 N. E. 2d 146.